COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Daniel Calhane, claimant.

A complaint, under the St. of 1869, *c.* 415, § 44, alleging that intoxicating liquors were kept and deposited by A. in a certain building, " being the building occupied in part by B. as a grocery store, and in the two northwesterly divisions of the cellar under the same, and occupied by A. as a place of common resort kept therein," and praying for a warrant to search " said building and cellar," is bad.

COMPLAINT under the St. of 1869, *c.* 415, § 44, alleging that on December 16, 1870, certain intoxicating liquors " were and still are kept and deposited by Daniel Calhane, of Bradford, in a certain three story wooden building situate on the westerly side of Main Street, being the building occupied in part by A. H. Atwood as a grocery store, and in the two northwesterly divisions of the cellar under the same in said Bradford, and occupied by said Daniel Calhane as a place of common resort kept therein, and which liquors are intended by said Daniel Calhane for sale in this Commonwealth " contrary to law; and praying " for a warrant to search said building and cellar, described as aforesaid, for said liquors; " that the liquors might be forfeited; and that Calhane " and all other persons claiming an interest in said liquors " might be summoned to show cause why they should not be forfeited. A warrant, reciting the complaint, was issued, authorizing the search of the " building and cellar herein above described; " and liquor was seized thereon.

In the Superior Court, Calhane appeared as claimant, and moved to quash the complaint and warrant, because the place to

be searched was not properly described therein, but *Wilkinson, J.,* overruled the motion. The jury returned a verdict against the claimant, and he alleged exceptions.

*C. J. Noyes,* for the claimant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, J. The description, in the complaint and warrant, of the place to be searched, shows that the building described is occupied in part by another person than the claimant; and the warrant, as prayed for and granted, is to enter and search the whole building, which would include any part of it occupied exclusively by a person who had no notice of, and is no party to, this proceeding. The complaint and warrant are therefore too general, and must be quashed. St. 1869, c. 415, § 46. *Commonwealth* v. *Intoxicating Liquors,* 109 Mass. 371.

*Exceptions sustained and complaint dismissed.*