REED *v.* STATE.

[No. 23,577.  Filed February 5, 1920.]

INTOXICATING LIQUORS.—*Possession.—Prima Facie Evidence.—Statutes.—Construction.*—Section 35 of the Prohibition Act, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, does not make the mere possession of intoxicating liquors unlawful, its purpose being to aid in the enforcement of §4 by establishing a rule of evidence to sustain a charge of unlawful keeping, etc.; hence an instruction stating in effect that §35 defined an offense, and that the charge and proof of facts thereunder showing the possession of intoxicating liquors by one not within the exception, was sufficient to warrant conviction, was erroneous.

From Marion Criminal Court (49,254); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Dean J. Reed. From a judgment of conviction, the defendant appeals. *Reversed.*

*Alvah J. Rucker,* for appellant.
*Ele Stansbury* and *A. B. Cronk,* for the state.

MYERS, J.—Appellant, in the court below, upon an affidavit, was charged, tried, and convicted of having in his possession certain intoxicating liquors, in violation of §35, Acts 1917 p. 15, §8536a *et seq.* Burns' Supp. 1918, and was sentenced to pay a fine of $50 and thirty days in jail.

On appeal to this court he has assigned as error the overruling of his motion for a new trial. In support of this motion he relies upon the error of the court in refusing to peremptorily instruct the jury to find for appellant, and error of the court in giving to the jury, upon its own motion, instruction No. 13.

The court did not err in refusing to give a peremptory instruction.

The affidavit upon which appellant was tried contained two counts, numbered 2 and 4. Count No. 2 charged a public offense as defined by §4 of the act of 1917, to which we have referred, and there was evidence on which the jury might have found him guilty of this charge.

Count No. 4, and the one on which he was convicted, did not charge a public offense. Instruction No. 13, as applied to this count, was as follows: "If you find the defendant guilty, as charged in the 4th count of the affidavit, the form of your verdict should be: We, the jury, find the defendant guilty, as charged in the 4th count of the affidavit, and that he be fined in the sum of ———— dollars (not less than 50 nor more than 250 dollars), or imprisoned in the county jail for not less than ten days nor more than three months, or by both such fine and imprisonment."

This instruction and count No. 4, when read together and thus considered, in effect told the jury that §35, *supra,* defined a public offense, and that an affidavit based thereon which merely alleged the possession of intoxicating liquors by a person not within the exception named in the statute would be sufficient to charge an offense, and satisfactory proof of such alleged facts would warrant the assessment of a fine or fine and imprisonment.

This court, in the case of *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397, in passing on §35, held "that the purpose of §35, *supra,* was to aid in the enforcement of §4, *supra,* by establishing a rule of evidence to sustain a charge of unlawfully keeping, etc." Section 35 does not make the mere possession of intoxi-

100        SUPREME COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v*. Stevenson—189 Ind. 100.

cating liquors unlawful. The instruction was erroneous, and the judgment should be reversed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Harvey, J., absent.