## CALLENDER *v.* STATE OF INDIANA.

[No. 24,085. Filed June 23, 1922. Rehearing denied April 5, 1923.]

1. CRIMINAL LAW.—*Verdict.—Ambiguity.—Petition for Suspension of Sentence.*—A verdict finding defendant guilty and fixing his punishment is not so uncertain and ambiguous as to make it insufficient as against a motion for a *venire de novo* because the jury improperly included therein a petition that the court suspend the jail sentence imposed. p. 93.

2. CRIMINAL LAW.—*Verdict.—Sufficiency.*—A verdict, however informal, is good if the court understands it, and it is to have a reasonable intendment and is to receive a reasonable construction, and is not to be avoided except from necessity. p. 93.

3. INTOXICATING LIQUORS.—*Search and Seizure.—Prohibition Law.—Construction.*—Sections 25-29, inclusive, of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), as to searches and seizure, do not authorize a search and seizure for the express and sole purpose of procuring evidence upon which to base a prosecution, but were intended to provide a means of discovering and seizing liquors kept for unlawful purpose. p. 96.

4. CRIMINAL LAW.—*Evidence.—Property Seized under Invalid Search Warrant.—Admissibility.*—Property secured by search and seizure under a search warrant which is invalid for any reason cannot be used as evidence against defendant. p. 96.

5. INTOXICATING LIQUORS.—*Search Warrant.—Issuance.—Supporting Affidavit.—Filing in Office of Issuing Officer.*—The affidavit upon which a search warrant is issued must be filed and remain on file in the office of the officer who issues the warrant. p. 97.

6. INTOXICATING LIQUORS.—*Unlawful Possession.—Statute.—Retroactive Effect.—Constitutional Provisions.*—Acts 1921 p. 736, §1, (§8356d Burns' Supp. 1921), even though construed as making the mere possession of intoxicating liquor unlawful, could have no application to the possession of intoxicating liquor prior to the time of the taking effect of the act, since it could not, under Art. 1, §10, of the Constitution of the United States, operate retroactively. p. 99.

From Elkhart Circuit Court; *William B. Hile,* Judge.

Prosecution by the State of Indiana against Edward Callender. From a judgment of conviction, the defendant appeals. *Reversed.*

*Harmon & Jay,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, *R. C. Minton* and *Dixon H. Bynum,* for the State.

WILLOUGHBY, J.—The appellant was tried upon two indictments returned by the grand jury of Elkhart county.

In cause No. 881, the indictment returned on January 6, 1921, charged that the appellant at Elkhart county, Indiana, "on or about the 31st day of December, 1920, did then and there unlawfully sell, barter, exchange, give away, furnish and otherwise dispose of certain intoxicating liquors, to wit: whisky to one Ed A. Smith, at and for the price of $3."

In cause No. 913, the indictment returned on February 18, 1921, charged that the appellant, Edward Callender, "on or about the 31st day of December, 1920, in the county of Elkhart, and State of Indiana, did then and there unlawfully keep intoxicating liquor, to wit, whisky, with the intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same."

To each of these indictments the defendant entered a plea of not guilty and the causes were consolidated for trial and tried together before the same jury.

In cause No. 881, the jury returned a verdict of not guilty, and in cause No. 913, the jury returned a verdict as follows:

"We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at a fine of $100 and that he be imprisoned in the Elkhart county jail for a period of sixty (60) days and we, the jury, petition your honor to suspend the jail sentence during good behavior."

The appellant filed a motion for a *venire de novo.*

alleging that the verdict of the jury is uncertain, indefinite, and ambiguous and is so uncertain that no judgment can be rendered thereon. And for further reason that the verdict contains a petition to the court to suspend the jail sentence during good behavior.

The court overruled this motion to which the defendant excepted. Appellant then filed a motion for a new trial, which was overruled and appellant excepted. Judgment was then rendered on the verdict as follows:

"The court now renders judgment on the verdict heretofore rendered herein, and it is therefore considered, ordered, adjudged and decreed by the court that said defendant, Edward Callender, for the offense by him committed, do make his fine unto the State of Indiana in the penal sum of $100 and that he be imprisoned in the Indiana State Penal farm for a period of sixty (60) days, and that he satisfy the costs herein assessed in the sum of $———."

From such judgment appellant appeals and assigns as error: (1) The court erred in overruling appellant's motion for a *venire de novo*; (2) the court erred in overruling appellant's motion for a new trial.

The verdict of the jury is not uncertain and ambiguous. It fixes the defendant's punishment and the clause in it to which the defendant objects is merely a 1, 2. petition to the court to suspend sentence. It is in no sense a part of the verdict. It was improper to place this petition in the verdict, but it does not affect the verdict in any way and is not harmful to the appellant.

It has been held in this state that a motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain that no judgment can be rendered upon it. A verdict, however informal, is good if the court understands it. It is to have a reasonable intendment and is to receive a reasonable construction

and is not to be avoided except from necessity. *Goodman* v. *State* (1919), 188 Ind. 70, and cases there cited. The court did not err in overruling the motion for a *venire de novo*.

Under the assignment of error that the court erred in overruling appellant's motion for a new trial, appellant claims that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. He contends that there was no evidence tending to support the allegation in the indictment that the defendant kept intoxicating liquor at the place charged, except such evidence as was procured by a search of the premises under a search warrant. This contention is not denied in the brief of the state, but such brief contains the following statement: "Search warrants for the discovery of intoxicating liquors are authorized by §25 of the Prohibition Law of 1917, §8356a *et seq.* Burns' Supp. 1918, Acts 1917 p. 15. Any person may make affidavit that he has reason to believe and does believe that liquors may be found on certain premises, and upon such affidavit a search warrant may be issued. Liquors seized under such a warrant are seized lawfully. Even if unlawfully seized, they are contraband." In support of this proposition the attorney-general cites *Weeks* v. *United States* (1913), 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B 834, Ann. Cas. 1915C 1177.

In *Weeks* v. *United States, supra,* the defendant had been charged with the using of the mails for the purpose of transporting certain coupons representing chances or shares in a lottery or gift enterprise in violation of the Criminal Code, §10383 U. S. Comp. Stat. 1918, 35 Stat. at L. 1129, §213, the sentence of fine and imprisonment was imposed. The defendant was arrested by a police officer so far as the record shows without a warrant, at the Union Station in Kansas City,

Missouri, where he was employed by an express company. Other police officers had gone to the house of the defendant and, being told by a neighbor where the key was kept, found it and entered the house. They searched appellant's room and took possession of various papers and articles found there, which were afterwards turned over to the United States marshal. Later in the same day police officers returned with the marshal, who thought he might find additional evidence, and, being admitted by someone in the house, the marshal searched the defendant's house and carried away certain letters and envelopes found in the drawer of a chiffonier. Neither the marshal nor the police officers had a search warrant. The defendant before the time for trial filed a petition for the return of his private papers, books and other property so taken. It was held that refusing the return of the papers and permitting them to be used in evidence was a violation of the constitutional rights of the accused under the Fourth amendment; and that in receiving them in evidence over the objection of defendant prejudicial error was committed and the judgment should be reversed. The court in that case, speaking by Justice Day, said: "We therefore reach the conclusion that the letters in question were taken from the house of the accused by an official of the United States acting under color of his office in direct violation of the constitutional rights of the defendant; that having made a seasonable application for their return, which was heard and passed upon by the court, there was involved in the order refusing the application a denial of the constitutional rights of the accused; and the court should have restored these letters to the accused. In holding them and permitting their use on the trial, we think prejudicial error was committed."

We cannot say that this case strengthens the position

taken by the state. A careful reading of §25 of the Prohibition Law of 1917 (Acts 1917 p. 15, supra) will show that such section does not authorize the search and seizure for the express and sole purpose of procuring evidence upon which to base a prosecution. Sections 25, 26, 27, 28, and 29 of the act of 1917 (Acts 1917 p. 15, supra) were intended to provide a means of discovering and seizing liquors kept for an unlawful purpose. They are not intended to provide a means to disclose evidence in a criminal prosecution.

The appellant claimed that the search warrant used in this case was not authorized by law and was not in fact a search warrant and sets forth evidence from the record to show that the alleged search warrant was signed by the chief of police and that no affidavit had been filed before an officer authorized to issue a search warrant, as a basis for such search warrant.

If the property was secured by search and seizure under the pretext of a search warrant, which was invalid for any reason, then the property so seized could not be used as evidence against the appellant and its admission over his objection was prejudicial error. See *Youman* v. *Commonwealth* (1920), 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; *State* v. *Marxhausen* (1919), 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505; *Boyd* v. *United States* (1885), 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; *Weeks* v. *United States, supra; Silverthorne Lumber Co.* v. *United States* (1919), 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; *Gouled* v. *United States* (1921), 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; *Amos* v. *United States* (1920), 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

Article 1, §11, of the Constitution of Indiana, (§56 Burns 1914) provides as follows: "The right of the

people to be secure, in their persons, houses, papers and effects, against unreasonable search or seizure shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the thing or person to be seized."

Article 1, §14, of the Constitution of Indiana, (§59 Burns 1914) provides that, "No person, in any criminal prosecution, shall be compelled to testify against himself."

Section 1924 Burns 1914, Acts 1905 p. 584, §57, provides that, "No warrant for search shall be issued until there is filed with the justice an affidavit, particularly describing the house or place to be searched and the things to be searched for, and alleging substantially the offense in relation thereto; and that the affiant believes, and has good cause to believe, that such things as are to be searched for are there concealed."

Section 8340 Burns 1914, Acts 1907 p. 27, §4, which relates to intoxicating liquors, provides that—"No warrant for search shall be issued until there has been filed with the justice, judge or mayor, an affidavit describing the house or place to be searched, the things to be searched for and alleging substantially the offense in relation thereto, and that affiant believes and has good cause to believe that such liquors are there kept for unlawful purposes."

The attorney-general says: "The affidavit for search warrant and the search warrant issued thereon are not in the record, so we must depend upon the evidence concerning them." This evidence fails to show that the proper steps were taken to procure a search warrant. The law requires the affidavit upon which a search warrant is issued to be filed and to remain on file in the office of the officer who issues such

warrant.   See *Thompson* v. *State* (1921), 190 Ind. 363, 130 N. E. 412.

The affidavit for the search warrant and the search warrant itself were therefore accessible to the state and if any such affidavit existed, or any such warrant existed, it could have been produced in evidence upon the trial of the cause in the trial court.   We think it clear from the evidence in this case that the search and seizure was made without a valid search warrant.

The attorney-general contends that liquor and stills seized unlawfully should not be returned, being contraband, and in support of this proposition he refers us to *United States* v. *Rykowski* (1920), (D. C.) 267 Fed. Rep. 866.

The question in the instant case is not whether the liquor should have been returned to the defendant, but the question is: Shall the evidence of what was discovered by the invalid search warrant be permitted to be introduced over the objection of the defendant, together with the evidence of officers who searched the premises?

It is held in *United States* v. *Rykowski, supra,* that where the liquor and stills being used by defendant in violation of the law were seized by officers acting under an invalid search warrant, the property will not be returned to the defendant, although the evidence cannot be used against him because of the illegal methods by which it was procured.

The appellee claims that the mere possession of intoxicating liquors is unlawful and that in order to convict it was not necessary to allege and prove that the liquors were kept with the intent to sell, barter, exchange, give away, furnish, or otherwise dispose of them and in support of his claim he refers us to Acts 1921 p. 736, §1, §8356d Burns' Supp. 1921, amending the acts of 1917, Acts 1917 p. 15, §4.

If it be conceded that appellee's contention as to the

effect of the act of 1921 is correct—a question which we do not decide—yet the state could not be aided by that act. The record shows that the indictment upon which this conviction was procured was returned by the grand jury on February 18, 1921, and such indictment alleges that the offense was committed on December 31, 1920.

The Act of 1921 was approved March 11, 1921. Under the provision of Art. 1, §10, Constitution of the United States, the amendment to the act of 1917 (Acts 1917 p. 15, *supra*) was not retroactive. The mere possession of intoxicating liquor is not made unlawful by the act of 1917, Acts 1917 p. 15, *supra*. See *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397; *Reed* v. *State* (1920), 189 Ind. 98, 126 N. E. 6; *Kocher* v. *State* (1920), 189 Ind. 578, 127 N. E. 3.

There being no evidence to support the verdict except that procured by the illegal search warrant and improperly admitted, it is not supported by sufficient evidence and is contrary to law.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.