## FLUM v. STATE OF INDIANA.

[No. 24,331.   Filed November 13, 1923.]

1. SEARCHES AND SEIZURES. — *Description of Property.* — *Sufficiency.*—A description of premises in an affidavit for a search warrant as "Section D, Beech Grove, section 21, township 15 north, range 4 east, in the city of Indianapolis, Marion County, Indiana," is not sufficiently definite and certain, where it appears that such section D is approximately 2,500 feet long and 1,800 feet wide, divided into 125 lots and out lots owned by seventy-five different individuals, and that there are more than twenty-five buildings on the section, including dwellings, a grain elevator, and a storage house.   p. 588.

2. CRIMINAL LAW. — *Search Warrant.*— *Affidavit.* — *Motion to Quash.*—A verified motion offered for filing, contesting the validity of an affidavit for a search warrant, the search warrant, and the return thereon, must be taken as true for the purposes of the court in making its ruling, unless and until controverted upon a trial of the issue made by it.   p. 589.

3. SEARCHES AND SEIZURES.—*Description.*—*Certainty.*—The description of the premises to be searched in an affidavit for a search warrant under our Constitution, must be so specific as to leave no discretion to the officer as to what place he is to search, but fully direct him to the particular premises.  p. 589.

4. SEARCHES AND SEIZURES.—*Execution.*—*Legal Requirements.*— In obtaining and executing search warrants there must be strict compliance with all formalities required by law.  p. 590.

5. SEARCHES AND SEIZURES. — *Legal Requirements.* — *Personal Rights.*—Legal requirements concerning the obtaining and execution of search warrants must be liberally construed to guarantee the observance of the constitutional rights of the people.  p. 590.

6. CRIMINAL LAW.— *Illegal Search.*— *Evidence Obtained.*— *Incompetency.*—If a seizure is illegal, because without a search warrant, or of an improper warrant, any evidence gained thereby is incompetent against the accused.  p. 590.

7. CRIMINAL LAW.—*Affidavit for Search Warrant.*—*Sufficiency.* —*Motion to Quash.*—Where an affidavit for a search warrant contains an insufficient description, a search thereunder is unauthorized, and it is error to refuse the defendant permission to file a motion to quash such affidavit and warrant.  p. 590.

8. CRIMINAL LAW.—*Evidence.*—*Obtained under illegal Search.*— *Competency.*—Evidence obtained by an officer while executing an invalid search warrant, in which search he found the things alleged to be kept in the premises in violation of law, is not, however, competent on behalf of the state, and such officer may not testify to what he found and saw while making such search. p. 593.

9. CRIMINAL LAW.—*Evidence.*—*Admissibility.*—*Motion to Strike Out.*—It is not incumbent upon one to move to strike out objectionable evidence covered by an objection to the question eliciting such evidence.  p. 593.

10. CRIMINAL LAW.—*Evidence.*—*Objections.*—*Renewal of Objections.*—Where objection to incompetent evidence has once been properly taken and overruled it is not necessary to repeat the objection when the same evidence is subsequently admitted through other witnesses.  p. 594.

From Marion Criminal Court (54,157); *James A. Collins,* Judge.

Frank Flum was charged with violations of the prohibition law.  From a judgment of conviction, he appeals.  *Reversed, with instructions.*

*Robert R. Dalton,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was indicted upon two counts; first, with having unlawfully manufactured, transported, possessed, and kept intoxicating liquor, and having the same in his possession with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same; and second, with unlawfully having and possessing a certain still for the manufacture of intoxicating liquor. As a result of the trial by the court upon his plea of not guilty, the court made its general finding of guilty, which was followed by judgment.

November 16, 1922, certain police officers, the sheriff, and a federal officer, went to the home of appellant and under the authority of a search warrant searched appellant's dwelling house and the premises surrounding the same and found, as shown by the return to the search warrant, three stills, a quantity of mash, and ten gallons of white mule whisky, which facts were testified to upon the trial by two of the officers, the only witnesses for the state.

Error is predicated upon the refusal of the trial court to allow appellant to file his verified motion to quash the affidavit, the search warrant, the return thereon, and to suppress the evidence, and in permitting the witnesses for appellee, who were the officers who made the search, to testify to what they found when making the search by virtue of such warrant, and that the finding of the court is not sustained by sufficient evidence.

Before arraignment and plea, appellant offered to file in open court his verified motion to quash the affidavit on which the search warrant was issued, and to quash the search warrant and the return thereon, and to restrain the officers and the sheriff from testifying in the cause concerning any matter learned while exe-

cuting said invalid warrant, and that they be ordered and directed not to produce any evidence seized while executing said search warrant, and that such evidence be suppressed; which offer to file was refused by the court, to which ruling appellant at the time excepted.

The affidavit upon which the search warrant was issued described the premises as section D Beech Grove, section 21, township 15 north, range 4 east, in the city of Indianapolis, Marion county, Indiana, and the warrant directed the search of the premises described in the affidavit. The objection to the search warrant in the motion offered to be filed was that the description was general, indefinite, and uncertain, and did not describe or identify the dwelling house or land owned and occupied by appellant, and that said search and seizure made by the officers was in derogation of the rights of appellant and in violation of the guaranties afforded him by the constitution of the State of Indiana. Said motion averred that section D of Beech Grove is approximately 2,500 feet long and 1,800 feet wide, and divided into lots and out lots to the number of more than 125, which are owned by approximately seventy-five distinct and different individuals; and that there are more than twenty-five buildings located on said section D of Beech Grove which include dwelling houses, a grain elevator, and a storage house; that the premises of appellant consist of out lots 32, 33, 34, 35, and 36 of said section D, Beech Grove, located upon which is his dwelling house which is a frame structure of two rooms.

Article 1, §11, of the Constitution of Indiana, §56 Burns 1914, provides that "no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized." Section 8340 Burns 1914, Acts 1907 p. 27, concerning intoxicating liquors

provides that "no warrant for search shall be issued until there has been filed with the justice, judge, or mayor an affidavit describing the house or place to be searched.   *   *   *"

Appellant's motion which was offered for filing, contesting the validity of the affidavit for the search warrant, the search warrant and the return thereon, was, for the purpose of consideration of the court in making its ruling, to be taken as true, unless and until controverted upon a trial of the issue made by it.   It was before the court by virtue of said motion, together with the affidavit for the search warrant, that the premises named in the application, and referred to in the search warrant to be searched, was section D of said Beech Grove, which contained, as shown by the verified motion of appellant, 125 lots upon which were twenty-five separate buildings, all but two of which were dwelling houses; and the court is further informed by the motion that the affidavit for the search warrant did not describe any dwelling house or infer that a dwelling house was upon the premises described as section D of Beech Grove.   The description of the premises to be searched in an affidavit for a search warrant under our Constitution must be so specific as to leave no discretion to the officer as to what place he is to search, but fully directs him as to the particular premises and property upon which he is to execute his warrant.

The colonists were harassed by the inquisitorial warrant known as the "writ of assistance," which later developed into the more feared and detested judicial writ known as the "general warrant," which warrants laid the foundation for the protection to the colonists against such unreasonable searches and seizures, by constitutional restraint.   The search warrant must speak with clearness and be as specific as the constitu-

tion itself. From the description given the officer by the search warrant, he could not tell which of the twenty-five houses in said Section D he was to search. The search warrant was void for the reason that the description of the place to be searched was indefinite and uncertain. *Rose* v. *State* (1909), 171 Ind. 662, 668, 17 Ann. Cas. 228, and cases there cited.

It is the law that in obtaining and executing search warrants, there must be strict compliance with whatever formalities are required by law. *United States* v. *Borkowski* (1920), 268 Fed. Rep. 408. and it is equally firmly established that this right shall receive a liberal construction in its application to guarantee such right to the people. *Gouled* v. *United States* (1921), 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

If the seizure is illegal, for the reason that it was without warrant or by virtue of an improper warrant, any evidence gained thereby—whether it be the instruments used to commit the crime, or oral evidence of what was found or seen in such unlawful search—is incompetent against the accused, and a conviction based thereon ought to be reversed. *Boyd* v. *United States* (1885), 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; *Weeks* v. *United States* (1913), 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B 834, Ann. Cas. 1915C 1177; *Silverthorne Lumber Co.* v. *United States* (1919), 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319.

The affidavit and search warrant being insufficient, the search and seizure were unauthorized, and appellant's motion to quash should have been ordered filed. The ruling of the court refusing permission to file the motion to quash was error. The crucial question in this case is: Will an officer who has searched the dwelling house and premises appurte-

nant thereto under the authority of an illegal search warrant, in which search he found the things to be searched for, and as alleged in the warrant were then being kept and used in violation of the criminal law, be permitted to testify on behalf of the state, in the trial of one under indictment for an offense in relation to the things to be searched for, of what he found and saw while making the search, in proof of the charge?

For the past thirty-eight years it has been the rule of evidence adhered to by the federal courts that the government may not introduce in evidence in support of a criminal charge any property the possession of which was gained by the government in violation of the 4th amendment to the Constitution of the United States. *Boyd* v. *United States, supra.* Although the rule announced in the case last before cited has been declared by courts and a text writer to be revolutionary and against all rules of evidence theretofore pertaining to the subject, the rule as announced in the Boyd case has since been followed by the United States courts and the majority of the state courts. Wigmore, Evidence (2d ed.) §§2183, 2184; *State* v. *Wills* (1922), 91 W. Va. 659, 24 A. L. R. 1398, note 1408.

The question now under consideration was discussed by Mr. Justice Holmes in the case where property had been seized illegally, examined, photographed, and copies made and then the originals returned to the defendant by order of the court, after which subpoenas to produce the originals were served, and obedience refused, in the following language: "The Government now, while in form repudiating and condemning the illegal seizure, seeks to maintain its right to avail itself of the knowledge obtained by that means which otherwise it would not have had. The proposition could not be presented more nakedly. It is that although of course its seizure was an outrage which the Govern-

ment now regrets, it may study the papers before it returns them, copy them, and then may use the knowledge that it had gained to call upon the owners in a more regular form to produce them; that the protection of the Constitution covers the physical possession but not any advantages that the Government can gain over the object of its pursuit by doing the forbidden act * * *. In our opinion such is not the law. It reduces the Fourth Amendment to a form of words. 232 U. S. 393. The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired should not be used before the court, but that it should not be used at all. Of course this does not mean that the facts thus obtained become sacred or inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed." *Silverthorne Lumber Co.* v. *United States, supra.* This rule has since been upheld and amplified not only to exclude the property so illegally taken, but also to exclude the testimony relating thereto. *Amos* v. *United States* (1920), 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 655.

The essence of the question now before us was in the mind of this court recently, and stated thus: "Shall the evidence of what was discovered by the invalid search warrant be permitted to be introduced over the objection of the defendant, together with the evidence of officers who searched the premises?" In this case there was no evidence in support of the charge "except such evidence as was procured by a search of the premises under a search warrant." The search warrant was held to be illegal, and the evidence insufficient to sustain the verdict. *Callender* v. *State* (1923), *ante* 91, 138 N. E. 817.

Appellant objected to the question asked the officer for the reason, stated generally, that the question elicited evidence gained by the officer while in the search of the premises under an invalid search warrant, which comes within the immunity granted by Art. 1, §14 of the Constitution. Upon cross-examination of this witness, appellant identified and introduced in evidence the search warrant which contained a copy of the affidavit upon which it was founded, together with the return thereto. After the close of the state's case appellant introduced in evidence the facts stated in his verified motion to quash, which relate to the lots that comprise the premises of appellant, and the number of lots, the number of buildings thereon, and the number of owners of the same, covered by the description in the search warrant, to wit: said section D.

The court having refused to permit the filing of appellant's motion directed to the illegality of the search warrant, his objection to the question eliciting

8. evidence gained while in the act of executing such illegal warrant ought to have been sustained. The answer to the question must be in the negative. *Amos* v. *United States, supra; Gouled* v. *United States, supra.*

Appellee insists that because appellant failed to renew and insist upon a motion to reject the evidence, such failure should be considered as a waiver of his

9. former objection, for the reason that appellant gave the court no opportunity thereafter to strike out the objectionable evidence. At the time the court ruled upon the question the evidence had been admitted that the witness had made the search by virtue of the warrant in question. The position at this point in the evidence is not analogous to a situation where the court permits the admission of evidence provisionally

under a promise to show its admissibility by the introduction of other evidence. It was not incumbent upon appellant to move to strike out the evidence amenable to appellant's objection to the question eliciting such evidence.

Appellant objected only to the question eliciting evidence concerning the search and seizure given by the first witness. The questions to the same point and import were asked of the second officer who was a witness but without objection by appellant. Appellee contends, that appellant having objected to the question eliciting the objectionable evidence asked the first officer, he waived the exception to the adverse ruling of the court by permitting the same question to the second officer—both of which officers were witnesses for the state—to be answered without objection. An answer to appellee's position here taken is well made in that "it has been held that where objection to incompetent evidence has once been properly taken and overruled it is not necessary or even proper to repeat the objection when the same evidence is subsequently admitted through other witnesses." *Louisville, etc., R. Co.* v. *Gower* (1887), 85 Tenn. 465, 3 S. W. 824; *Anglo-American Packing Co.* v. *Baier* (1886), 20 Ill. App. 376; *Graves* v. *People* (1893), 18 Colo. 170, 32 Pac. 63; *Bee Publishing Co.* v. *World Pub. Co.* (1901), 62 Nebr. 732, 87 N. W. 945; *People* v. *Wilmot* (1903), 139 Cal. 103, 72 Pac. 838; *McKee* v. *Rudd* (1909), 222 Mo. 344, 371, 121 S. W. 312, 133 Am. St. 529, 545.

Evidence having been admitted over appellant's objection that such evidence was gained while in the act of executing an illegal search warrant, there was prejudicial error committed against appellant, and the motion for a new trial must therefore be granted.

Judgment reversed, with instructions to grant a new trial.