STATE OF INDIANA *v.* PHIPPS.

[No. 24,413.   Filed April 4, 1924.]

CRIMINAL LAW.— *Search and Seizure.— Identity of Premises Searched.—Validity.*—Under Constitution Art. 1, §11, requiring search warrants to particularly describe "the place to be searched," a warrant directing search "at the following premises, residence and all out buildings located on Grant 31 and 32 near Dead Man's Hollow in the township of Jeffersonville of said county and state" was invalid, and the articles or evidence obtained by a search of defendant's residence were properly excluded on defendant's trial for unlawfully having possession of

such articles, for the reason that the affidavit and warrant should have identified the residence as that of the defendant.

From Clark Circuit Court; *George D. Gibson,* Special Judge

Prosecution by the State of Indiana against Isaac Phipps. From a judgment of acquittal, the State appeals. *Appeal not sustained.*

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White* and *Connor D. Ross,* Deputies Attorney-General, and *James L. Bottorff,* for the State.

*James W. Sweeney* and *H. W. Phipps,* for appellee.

EWBANK, C. J.—This is an appeal by the state from a judgment of acquittal. The only question presented by the assignment of errors or argued by counsel relates to the sufficiency of the description of a place to be searched, contained in a search warrant and in the affidavit on which the warrant was based. The affidavit charged that the defendant (appellee) unlawfully had in his possession certain articles intended for use in violation of the laws of this state "at the following premises, Residence and all out buildings located on Grant 31 and 32 near Dead Man's Hollow in the township of Jeffersonville of said county and state", and the search warrant contained the same description.

There was evidence that the residence of defendant on Grants numbered 31 and 32, near Dead Man's Hollow, in Jeffersonville township, Clark county, Indiana, was searched by the officers to whom the warrant was issued, but upon an objection that the search warrant did not sufficiently describe the place which it commanded them to search, the trial court excluded all evidence as to what was found at defendant's residence, and refused to permit the articles, themselves, to be introduced in evidence against him at his trial on a charge of misdemeanor.

There was no evidence as to the area of "Grants 31 and 32", nor the number of residences thereon, but counsel for appellee assert that each "grant" contained 500 acres, and that both were thickly populated and contained many farm residences.

Appellant cites authorities which have held that describing the place to be searched as the residence of a person named, located in a certain township or town, or on a designated tract of land, in a specified county and state, was sufficient. *Rose* v. *State* (1909), 171 Ind. 662, 668, 669, 87 N. E. 103; *McSherry* v. *Heimer* (1916), 132 Minn. 260, 156 N. W. 130; *State* v. *Sheehan* (1914), 111 Me. 503, 90 Atl. 120; *Olson* v. *Haggerty* (1912), 69 Wash. 48, 124 Pac. 145; *State* v. *Montgomery* (1923), 94 W. Va. 153, 117 S. E. 870; *Lincoln* v. *Smith* (1855), 27 Vt. 328.

But the affidavit and search warrant under consideration do not describe the place to be searched as the "residence of Ike Phipps", nor do they even designate the place as "his" residence, after having named "Ike Phipps" as the one who had in his possession the things to be searched for, and we have no right to supply words to make the description cover defendant's residence, merely because a search of that place disclosed some of the things described in the warrant. If the officer executing a search warrant might read into the description which it contained one or more words not written therein, he might read the language above quoted as meaning "any residence" in the territory mentioned, with as much apparent reason as he could read it the "residence of Ike Phipps", or "his residence", and might go to the district and select a residence to be searched after he got there. The constitution of Indiana provides that no search "warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and

the person or thing to be seized." Art. 1, §11, Constitution, §56 Burns 1914.

It is not difficult to give a "particular description" of the place to be searched, which will point it out definitely, to the exclusion of other places, if a very little care is used in the preparation of affidavits and search warrants. And that little care is not too much to expect of the officers performing such duties when the constitution expressly forbids a search unless the place to be searched is "particularly described" in the affidavit and warrant.

The appeal is not sustained.