## THOMPSON v. STATE OF INDIANA.

[No. 25,068. Filed December 8, 1926.]

1. SEARCHES AND SEIZURES.—*Insufficient description of place to be searched.*—A search warrant which described the premises to be searched as "No. 29 Mary street," without stating that any part of it was occupied by the accused, did not sufficiently describe the particular place to be searched when the building at that number was occupied by five different families. p. 499.

2. SEARCHES AND SEIZURES.—*Search warrant describing premises to be searched by single street number illegal when premises occupied by several persons.*—Where the premises to be searched are described in the search warrant by a single street number and several persons reside in the building there situated in separate apartments, such warrant is illegal and void unless there is something in the affidavit on which the warrant is based connecting each one of the occupants with the alleged unlawful act. p. 500.

3. CRIMINAL LAW.—*Verdict of conviction contrary to law when supported only by evidence obtained by illegal search.*—When

the only evidence to support a verdict of conviction was procured by a search under an illegal search warrant, the verdict is not sustained by sufficient evidence and is contrary to law. p. 501.

From Vanderburgh Circuit Court; *Frank C. Gore,* Special Judge.

Charles Thompson was convicted of having possession of intoxicating liquor in violation of the prohibition law of 1925, and he appeals. *Reversed.*

*Nat. H. Youngblood,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was prosecuted by affidavit based upon Acts 1925 p. 144, §4, charging him with the unlawful possession of intoxicating liquor. The affidavit charges that the appellant, on or about May 27, 1925, at Vanderburgh county, in the State of Indiana, did then and there unlawfully have in his possession certain intoxicating liquors, to wit: one quart and one-half pint of white mule liquor and one quart and one-half pint of red liquor. A trial by jury resulted in a verdict of guilty. Upon this verdict, judgment was rendered.

The appellant alleges that the court erred in overruling his motion for a new trial. He says that the verdict was not sustained by sufficient evidence and is contrary to law. Under this specification, everything material to this appeal may be considered. It appears without dispute that the evidence upon which this verdict rests was procured by the use of a search warrant, which appellant alleges was illegally issued. The questions on the admission of the evidence are reserved by proper exceptions. The search warrant and the affidavit upon which it was issued were introduced in evidence as exhibit No. 1 of the state's evidence.

The appellant contends that the description of the premises sought to be searched by the search warrant was insufficient, by reason of which defect in description, the search warrant was void. The affidavit upon which the search warrant was issued alleges that appellant has in his possession intoxicating liquor being then and there sold, bartered and given away as a beverage and being then and there kept with the intent to sell, barter and give away the same in violation of the laws of this state, and has in his possession stills, implements, devices and property kept for the manufacture of intoxicating liquors intended for use in violation of the laws of this state, at the following premises: No. 29 Mary street in the city of Evansville, of said county and state.

The description in the search warrant was the same as in the affidavit. By virtue of the search warrant issued pursuant to this affidavit, four officers searched the premises at 29 Mary street occupied by appellant. They testified that they searched two rooms of the building at said No. 29 Mary street and found a two-quart jug containing about one pint of colored mule whisky, one pint bottle half full of colored mule whisky, one funnel and two empty half-pint bottles and one quart of white mule whisky and one half-pint bottle half full of white mule whisky. These articles were introduced in evidence by the state over the objection of appellant.

This evidence and the testimony of the four officers who participated in the raid were all the evidence in said cause. The testimony of the officers pertained to the description of the building at 29 Mary street, and the incidents attending the raid and the preservation of the articles which they secured on that occasion. From the testimony of the four officers who participated in the raid, it is shown that the building at 29

Mary street was an old residence containing ten rooms; that it was owned by the appellant, who was a widower; that he occupied two of the rooms and the others were rented out to different families.   The testimony shows that the officers searched only the two rooms which a woman, whom they had found in the building, said were occupied by this appellant.   At the time of the search, the appellant was not at the house.   A short time afterwards, he was found on the street and arrested.   The appellant was at that time a widower and had been for some years.   That there were four apartments in the house, not including the rooms occupied by appellant. That they had separate gas meters for each apartment.

It is contended by the appellant that the search warrant was illegal and void because it does not direct the officers to search the appellant's home at 29 Mary street, or the rooms occupied by him at such place, but merely to search 29 Mary street.   The appellant is sustained in this contention by the decision in *State* v. *Phipps* (1924), 194 Ind. 459, 143 N. E. 287. This description, the appellant contends, is not a description of a particular place but of several places. Under the warrant, they were directed to search the entire premises designated as 29 Mary street, but it is not alleged, either in the affidavit or warrant, that the building at that number is occupied or any part of it is or was occupied by the appellant.   It appears from the testimony of the state that one of these officers said that he didn't search the apartment of the woman whom he met at the house, and he says that he had no warrant for the search of her premises.   When asked by the attorney for the appellant, what he meant by that, he said, we had a warrant for No. 29 Mary street, and "if we felt that we cared to search the whole premises we would have searched them, as it was, we didn't.   We

searched Charles Thompson's rooms and that is all. I didn't have a search warrant directed to search the premises of this lady."

Where a building or the premises are described in the search warrant or affidavit by a single street number, and more than one family resides at such

2.  street number in the building, in a separate apartment; or where more than one separate business is carried on within the premises designated by such street and number by a separate proprietor, plainly, upon principle, a warrant directed to search the premises designated by such single number would be illegal and void, unless there was something in the affidavit to connect each one of the occupants of the premises with the alleged unlawful act. As single street numbers are now in many instances used to designate a large apartment building housing many families, and, in other cases, business blocks containing a number of businesses, plainly any other rule would work the gravest injustice to innocent occupants. Cornelius, Search and Seizure §126, p. 338; *Commonwealth* v. *Certain Intoxicating Liquors* (1872), 110 Mass. 499; *State* v. *Duane* (1905), 100 Me. 447, 62 Atl. 80.

In *United States* v. *Innelli* (1923), 286 Fed. 731, in the district court for the eastern district of Pennsylvania, it was held that the evidence designating a building to be searched only by street and number is insufficient to furnish the particular description of the place to be searched. The court in that case said: "If the place described by street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a 'particular' description. The evidence upon which the warrant issues should go to all the essential features of the

authority given, and the particular place to be searched is one, and an important one."

In *United States* v. *Mitchell* (1921), 274 Fed. 128, from the district court of the northern district of California, it was held that a search warrant issued by the commissioner for search of an apartment building occupied by a large number of families, was invalid to authorize the search of any apartment therein or the seizure of anything there found.

In *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353, it is held that the description of the premises to be searched in an affidavit for a search warrant under our Constitution must be so specific as to leave no discretion to the officer as to what place he is to search, but fully direct him to the particular premises and property upon which he is to execute his warrant. To the same effect is *State* v. *Phipps, supra.*

In *State* v. *Duane, supra*, it is held that a single search warrant cannot be lawfully issued to search more than one place. If the warrant contains a description of more than one place to be searched, it is invalid. When a warrant, in describing a place to be searched, described it as three places, each occupied by a different person, though all three places are adjoining, the court cannot read into the warrant words not therein written to show that the other two places were named simply as boundaries of the place occupied by the respondent.

It has been held in this state that when the only evidence to support the verdict is that procured by an illegal search warrant, such verdict is not 3. supported by sufficient evidence and is contrary to law. *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817; *Flum* v. *State, supra; State* v. *Phipps, supra.*

There being no evidence to support the verdict except that which was procured by the use of the search warrant, and such search warrant being void, because illegally issued, and such evidence being erroneously admitted over appellant's objection, we must hold that the verdict is not sustained by sufficient evidence and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Ewbank, J., concurs in conclusion.