## MULEFF *v.* STATE OF INDIANA.

[No. 24,625.   Filed January 4, 1927.]

1. SEARCHES AND SEIZURES.—*Warrant held void for failure to describe the premises to be searched.*—A search warrant describing the premises to be searched as the "N. W. ¼ sect. 4 twp. 16 Range 3 in the city of Indianapolis, Marion county, State of Indiana," *held* void for failure to describe the place to be searched, where there were several houses in that quarter, although the sheriff who served the warrant testified he knew where defendant's premises were.   p. 688.

2. CRIMINAL LAW.—*Admission of evidence obtained by void search warrant held reversible error.*—Admission of evidence, over defendant's objection, which was obtained by a search warrant which was void because of defective description of the premises to be searched, was reversible error. p. 689.

From Marion Criminal Court (55,546) ; *James A. Collins,* Judge.

Stoyco D. Muleff was convicted of having possession of a still for the manufacture of intoxicating liquor, and he appeals. *Reversed.*

*Thomas C. Whallon,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of having in his possession and under his control a certain still and distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of the State of Indiana. The trial was by the court without a jury. Judgment was rendered on the finding of the court, after a motion for a new trial had been made and overruled.

The appellant claims that the court erred in overruling his motion for a new trial. The sheriff testified that he procured the evidence in this case by the use of a search warrant. This evidence was admitted over the objection of the appellant. Appellant claims that the search warrant was void and in violation of Art. 1, §11 of the Constitution of the State of Indiana, for the reason that the affidavit upon which it was issued does not particularly describe the place to be searched. That the place described in said affidavit is indefinable and uncertain and describes no particular place or premises. The description of the place to be searched as set forth in the affidavit and search warrant is: "N.W. ¼ sect. 4 twp. 16 Range 3 in the city of Indianapolis, Marion county, State of Indiana."

The assessor of Washington township, Marion county, Indiana, testified that he had held that position from eighteen to twenty years and that he was acquainted with the locality in the N.W. quarter section 4, range 3, township 16, in the city of Indianapolis, Marion county, Indiana, and it appears from the evidence of this witness that in said quarter section there are about sixty owners of real estate, some platted ground, but no street numbers.

One witness testified: "I am acquainted with the northwest quarter of section 4, Township 16 north, Range 3 East, but I do not remember how many acres are in the N.W. $\frac{1}{4}$ sec. 4. There are several houses in that quarter and there is a new addition in there."

It is admitted in appellee's brief that the search warrant did not contain a particular description of the premises sought to be searched. The language 1. of the brief is as follows: "The search warrant for the search of appellant's premises did not contain a particular description of the premises to which search was directed, but that was unnecessary for this sheriff, because he knew where the premises were and had been there before." Appellee does not cite any authority in support of this proposition and we do not know of any. The sheriff testified that he could not ascertain where the premises of appellant were by an examination of the search warrant, but he says he knew where they were, and did not need any directions. The search warrant was invalid. It did not describe the place directed to be searched. *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353; *State* v. *Phipps* (1924), 194 Ind. 459, 143 N. E. 287.

The evidence procured by the use of such search warrant should not have been admitted over the objection of appellant and its admission was error requiring a

reversal of the judgment. ˙ *Callender* v. *State*
2.  (1922), 193 Ind. 91, 138 N. E. 817; *Flum* v. *State,*
    *supra.*

Other questions discussed in appellant's brief are not likely to arise on a new trial of the case and need not be here considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.