## BUMEN *v.* STATE OF INDIANA.

[No. 25,979.   Filed February 16, 1932.]

*George W. Miles* and *P. E. Bear,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged by affidavit with the unlawful possession of intoxicating liquor, and, before trial, he filed his verified motion to quash the affidavit.

for search warrant, the search warrant, and to suppress evidence, to which motion appellee filed answer in general denial. A hearing was had on said motion, and, after the court heard the evidence thereon, appellant's motion was overruled.

Appellant entered a plea of not guilty, and the cause was submitted to a jury for trial. At the conclusion of the State's evidence, appellant requested the court to instruct the jury to return a verdict in his favor, which was overruled by the court, and appellant excepted to the ruling. The jury found appellant guilty as charged. Appellant's motions in arrest of judgment and for a new trial were overruled by the court. Appellant, in his motion for a new trial, says, (1) that the verdict of the jury is not sustained by sufficient evidence, (2) that the verdict of the jury is contrary to law, (3) that the verdict of the jury is contrary to law and the evidence, and his causes (4) and (10) relate to the court's action in overruling his motion in arrest of judgment. Reasons (5), (6), (7) and (9) relate to overruling his verified motion to quash the affidavit for a search warrant, the search warrant and to suppress evidence. His eighth reason for a new trial relates to the introduction in evidence of the testimony of the officers who made the search of appellant's premises as to what they found and saw while making the search. Appellant contends that the court erred in not excluding that evidence, for the reason that the search warrant was invalid, in that the description of appellant's premises in the affidavit for a search warrant and in the search warrant was not sufficiently definite and certain. The affidavit upon which the search warrant was issued described the premises to be searched thus, "at the following premises in the north west quarter of section 22 in township 4 north, range 10 east, containing 90 acres." The search warrant reads as follows: "You are therefore commanded, in the name

of the State of Indiana, with the necessary and proper assistance, in the day time or at night time, to enter into the premises described in said affidavit, viz.: A part of the northwest quarter of section 22 in township 4 north, range 10 east, containing 90 acres etc." The above quoted description is all that is found in the affidavit or the search warrant. There was no allegation that the premises described were owned or occupied by appellant, nor anything to designate what 90 acres were to be searched, except what we have set out above. The affidavit for a search warrant and the search warrant were both introduced in evidence by appellee.

If the search warrant under which the officers searched appellant's premises is invalid for any reason, the evidence obtained thereby would be incompetent, and the court should have excluded it. It has been held by this court that: "If the seizure is illegal, for the reason that it was without warrant or by virtue of an improper warrant, any evidence gained thereby—whether it be the instruments used to commit the crime, or oral evidence of what was found or seen in such unlawful search—is incompetent against the accused, and a conviction based thereon ought to be reversed." *Flum* v. *State* (1923), 193 Ind. 585-590, 141 N. E. 353, and cases there cited; *Callender* v. *State* (1922), 193 Ind. 91-96, 138 N. E. 817.

The affidavit and search warrant under consideration do not describe the place to be searched as the residence of Joseph Bumen, nor is there anything from which a person unacquainted with the premises could locate the particular 90 acres in the northwest quarter of section 22 township 4 north, range 10 east, to be searched. Any 90-acre tract out of the 160 acres contained in said quarter section would fulfill the description found in the affidavit or warrant. Article 1, §11 of the Constitution of Indiana, §63 Burns 1926, pro-

vides that: "No warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized." The description of the premises to be searched in an affidavit for a search warrant under our Constitution must be so specific as to leave no discretion to the officer as to what place he is to search, but fully directs him as to the particular premises and property upon which he is to execute his warrant. *Flum* v. *State, supra; State* v. *Robinson* (1852), 33 Me. 564; *Muleff* v. *State* (1927), 198 Ind. 686, 154 N. E. 670; *State* v. *Phipps* (1924), 194 Ind. 459, 143 N. E. 287.

The description of the premises to be searched was not sufficiently described in the affidavit for a search warrant or the warrant itself to meet the requirements of the law, and, for that reason, the search was unlawful, and the court should have excluded the testimony of the officers as to what they found or saw and all evidence obtained while making the unlawful search.

The only testimony supporting the charge upon which appellant was convicted was what was obtained by the unlawful search; it follows that, in the absence of such evidence, the verdict is not sustained by sufficient evidence and is contrary to law.

Judgment of the lower court reversed, with instructions to the lower court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.