COMMONWEALTH of Kentucky,
Appellant,

v.

Willie APPLEBY and James
Lofton, Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1978.

As Modified Nov. 10, 1978.

Paul W. Richwalsky, Jr., First Asst. Commonwealth Atty., Louisville, Robert F. Stephens, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellant.

David A. Lambertus, Louisville, Richard L. Receveur, Asst. Public Defender, Louisville, for appellees.

Before MARTIN, C. J., and COOPER and WILHOIT, JJ.

WILHOIT, Judge.

This is an interlocutory appeal by the Commonwealth from a pre-trial order of the Jefferson Circuit Court suppressing evidence seized as the result of a search conducted by Kentucky and Indiana police in New Albany, Indiana. We reverse.

The appellees, Appleby and Lofton, stand charged by the Jefferson County Grand Jury with murder, kidnapping (capital offense), first-degree robbery, and the felony of theft by unlawful taking. The murder indictment has been amended to charge a capital offense. Prior to trial, the court held a hearing to dispose of pending motions in this case, including defense motions to exclude from evidence a gun, a wallet and its contents, an industrial police badge, and some clothing which had been seized by police officers after the search of a house trailer located in New Albany, Indiana. The search had been made pursuant to a search warrant issued by a Floyd County, Indiana, circuit judge. Nevertheless, the trial judge concluded that the search had been illegal because the affidavit given to obtain the search warrant did not describe the premises to be searched with "Constitutional particularity." The trial judge ordered the evidence suppressed. From this order the Commonwealth appeals.

The affidavit for the search warrant and the warrant itself described the premises to be searched as:

> [A] pale green house trailer, approximately 40 ft. to 50 ft. long parked on the southwest corner of a lot 100 ft. south of Grantline Road near a house with green siding and white trim designated as 2114 Grantline Road.

Neither described the city, county, or state in which the trailer was located, although the caption of both contained the following:

State of Indiana  
County of Floyd $\Big\}$ SS:

It was the absence of any description of a city, county, or state from the body of the affidavit where the premises were described which led the trial judge to his conclusion that the premises were not described sufficiently to meet constitutional requirements.

The affidavit made to secure the search warrant was given by a detective of the Louisville, Kentucky, police department. While the detective was in the process of completing the affidavit at the New Albany, Indiana, police headquarters, where he was being assisted by a legal advisor to the New Albany police, information was received by the officers there that police officers who had already "staked out" the trailer were being fired upon. The detective, accompanied by other officers, immediately went to the location of the trailer where Appleby and Lofton were captured and placed under arrest. Following this, the detective returned to the headquarters and completed the affidavit. In the company of New Albany officers, he then went before a circuit judge of Floyd County, in which New Albany is located, and the search warrant was issued. The warrant was actually served by two New Albany policemen but the trailer was searched by both New Albany and Louisville officers. The evidence found there was discovered by Louisville policemen who promptly gave it to the New Albany officers present who seized it and later turned over the evidence to Louisville police.

Apparently there was only one Grantline Road in the jurisdiction of the circuit judge who issued the warrant and the judge was familiar with the area in which the trailer was located.[1]

■ Both the fourth amendment to the United States Constitution and article I section 11 of the Indiana Constitution require that the affidavit given to secure a search warrant and the warrant itself particularly describe the place to be searched. Section 10 of the Kentucky Constitution requires that the place be described "as nearly as may be." This requirement of the Federal Constitution has been interpreted to mandate a description sufficient to enable an officer executing the warrant to locate and

---

1. This evidence was introduced by the Commonwealth in the form of an avowal by the Commonwealth Attorney over objection by the defense, but no ruling was made by the court on the objection nor did the defense request a ruling.

identify the premises with reasonable effort. *Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); *United States v. Freeman*, 532 F.2d 1098 (7th Cir. 1976). The Indiana Constitution requires a description which specifically describes the place to be searched so as to leave no discretion to the officer executing the warrant as to what place he is to search. *Brown v. State*, 239 Ind. 358, 157 N.E.2d 174 (1959); *Le Juste v. State*, 197 Ind. 327, 150 N.E. 791 (1926); *Flum v. State*, 193 Ind. 585, 141 N.E. 353 (1923). Our own constitution requires a description of such certainty as to reasonably identify the premises to be searched, *McMahan's Adm'x v. Draffen*, 242 Ky. 785, 47 S.W.2d 716 (1932); *Taulbee v. Commonwealth*, Ky., 465 S.W.2d 51 (1971); and to enable the magistrate issuing the warrant to determine that the property to be searched is within his jurisdiction. *Baker v. Commonwealth*, 311 Ky. 93, 223 S.W.2d 590 (1949).

■ The evils sought to be avoided by these provisions of all three constitutions are the indiscriminate and general search so often experienced by our colonial forbears and the needless invasion of privacy rights through the careless search of the wrong premises. We believe that under all of the circumstances surrounding the search of the trailer, the constitutional purposes and requirements were satisfied and the evidence thus seized should not be excluded.

■ The Louisville detective who made the affidavit had actually been to the trailer by the time his affidavit had been completed, as had the New Albany policemen who served the warrant. The events of the day could have left little question in their minds as to the location of the trailer they intended to search. The judge who issued the warrant knew there was only one Grantline Road within his jurisdiction and he was familiar with the area in which the trailer was located. The description in the affidavit and warrant, aside from failing to name a city, county, or state, was quite specific and left no discretion in the officers as to what premises were to be searched and this description was certainly sufficient to enable the officers to find the trailer with reasonable effort somewhere within their jurisdiction and that of the issuing judge, even if they had not already been there a short time before.

■■ Appleby and Lofton argue that in considering whether the description is sufficient, a court may not look outside of the information contained in the affidavit. In support of this argument they cite *Ruth v. Commonwealth*, Ky., 298 S.W.2d 300 (1957), and *Ashley v. State*, 251 Ind. 359, 241 N.E.2d 264 (1968). Both of these cases relate to the establishment of probable cause for a search, not the sufficiency of the description. Courts have long recognized that the sufficiency of a description of property to be searched is a relative thing often dependent on facts outside of those contained in the affidavit or warrant itself. For example, whether the premises are located in a rural or urban area may have a bearing. *Wellman v. Commonwealth*, 219 Ky. 323, 292 S.W. 779 (1927). Whether different parts of the premises are occupied by different people has been considered, as has whether more than one residence is located on the described property. *Thompson v. State*, 198 Ind. 496, 154 N.E. 278 (1926); *Muleff v. State*, 198 Ind. 686, 154 N.E. 670 (1927). In *Le Juste v. State, supra*, deciding the sufficiency of a description, the court considered extraneous evidence of whether there was more than one gray one-and-one-half story house on a certain street. Additionally, facts known to the officer on whose affidavit the warrant is issued as well as the knowledge of the executing officer have been found relevant. *Cf. Wellman v. Commonwealth, supra; United States v. Goodman*, 312 F.Supp. 556 (D.C.Ind.1970), and cases cited at 68 Am. Jur.2d *Searches and Seizures* § 74.

Under the circumstances, we also believe the search warrant substantially complied with the statutory form set out in the Indiana Code (35–1–6–3).

■ Appleby and Lofton contend that the participation of Louisville police officers in the search of the trailer renders the search invalid under Indiana statutory law because in Indiana these policemen were no more than private citizens. The warrant was served by New Albany policemen and

the evidence was seized by them. They were present during the entire search. Under such circumstances it is immaterial that the Louisville officers assisted in the search. *Williams v. State*, 95 Okl.Crim. 131, 240 P.2d 1132, 31 A.L.R.2d 851 (1952).

Appleby and Lofton also argue that the New Albany officers failed to make a proper return on the warrant as required by Indiana statute and this should render the evidence seized inadmissible. We do not believe this failure, if the search were reasonable, brings the exclusionary rule into play. *Cf. Crossland v. State*, Okl.Crim., 266 P.2d 649 (1954).

The order of the trial court is reversed.

All concur.