LARTHET v. FORGAY et al.

Where, under color of a warrant to search for stolen goods in a certain house, the parties charged with its execution force their way into an adjoining dwelling, against the remonstrances of the occupant, and search it without finding the stolen property, they will be responsible jointly, in damages, for the injury done thereby to the property and feelings of the occupant, and for the disturbance of his family; and where, in such a case, the damages are assessed by a jury, the verdict will not be disturbed, unless they are palpably excessive. Such warrants must be construed strictly.

APPEAL from the Parish Court of New Orleans, *Maurian, J. Preaux* and *Soulé*, for the plaintiff. *T. H. Howard*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. A search warrant was obtained by *Forgay*, which, after reciting that *Forgay* had made affidavit that a breast-pin and a gold piece stolen from him, were secreted, as he believed, " at a *cabaret* at the south-west corner of Girod and Carondelet streets," commanded the officer " to make diligent search in and about said premises for the said articles." This suit is brought against *Forgay* and others, for damages sustained by the plaintiff by the unlawful conduct of the defendants, who have attempted to justify under this warrant.

It appears by the testimony that under the same roof there were two dwellings. One, which was immediately at the corner of the streets named in the warrant, was occupied by one *Marcel*, who kept a *cabaret* there. The other was occupied by *Larthet*, who kept a cigar shop. The respective premises appear to have been distinct, the yards being divided by a fence, and a door by which the premises communicated being nailed up. After making search in the *cabaret*, and in the other apartments of *Marcel's* tenement, in one of which the breast-pin was found, the officer, who was accompanied by *Forgay*, and appears to have acted under his instructions, proceeded to force the communication into the plaintiff's premises. Against this the plaintiff protested, and opposed the attempt, but not violently ; upon this, at the suggestion of *Forgay*, he was taken into custody and carried before the magistrate, where he was kept for about two hours, till he was bailed. After leaving *Larthet* at the magistrate's office, the parties forced open the door, and searched his shop and apartments ; but the other stolen article was not found. The wife of the plaintiff was much alarmed by these proceedings, and fell ill in consequence of the nervous excitement occasioned by the search of the house, and the imprisonment of her husband. The plaintiff appears from the testimony to have been a man of good character and of some means, and had pursued his calling of a tobacconist in the city for several years. The case was tried by a jury, who found a verdict for the plaintiff of $2,000, upon which judgment was entered against each of the four defendants for $500 ; and the defendant, *Forgay*, alone has appealed.

The court below charged the jury in substance, and, we think, correctly, that the breaking into and search of the plaintiff's shop and dwelling were not authorised by the warrant. The search should have been confined to the *cabaret*, or at most to the premises of *Marcel*. Such warrants must be construed strictly. The law regards the dwelling and the domestic repose of the citizen with too much jealousy, to trust the place of execution of such process to the discretion of police officers. So important is this subject that it has been deemed worthy of express notice in the constitution of the United States, which declares that " the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ; and no warrants shall issue, but on probable cause, supported by oath or affirmation, and *particularly describing the place to be searched*, and the persons or things to be seized." Amendments Cons. United States, art. 4. This article is an affirmance of a great constitutional doctrine of the common law, which had nevertheless been occasionally violated by general warrants ; and to prevent this abuse the solemn written prohibition was framed. A principle so indispensable to the full enjoyment of personal security and private property, should be enforced in its full spirit and integrity ; but it would be violated if courts

LARTHET
v.
FORGAY.

should sanction such a latitude of construction, as is invoked by the defendant for the warrant in question. See 13 Mass. 286. 3 Story on the Constitution, 748.

The damages assessed by the jury appear to have exceeded the injury done in searching and putting into disorder the plaintiff's goods; but the jury undoubtedly assessed them with reference also to the injury to the plaintiff's feelings, and the disturbance of his family. Such subjects are peculiarly within the province of a jury, and a verdict must be palpably excessive to justify our interference.                          *Judgment affirmed.*