JEAN HORNIG *vs.* WILLIAM E. BAILEY AND OTHERS.

The statute (Gen. Statutes, p. 270, sec. 5,) provides that a complaint for a search warrant for liquors kept for sale contrary to law, and also the search warrant, shall describe the place where kept " with reasonable certainty." A complaint described the place as follows:—"Near the corner of *E.* street in the borough of *D.* in a wooden building occupied by *J. H.,* consisting of a one story building and garden attached thereto and occupied as a place of public resort; also in another wooden building between the first mentioned and the *D. N.* office, and the cellar of said wooden building, used by said *J. H.* as a dwelling house; which said liquors are so owned and kept at said place." The search warrant described the premises in the same manner, except that it used the word *places* for *place.* Held that the place was described with reasonable certainty.

" The cellar of said wooden building " was to be taken to mean the cellar of the wooden building then being described.

And the allegation of the complaint that the liquors were kept " at said place " did not vitiate the warrant by its uncertainty, because it might be understood as applying to the whole premises described, and also might be stricken out as surplusage.

And held that the warrant was not void for not stating that a complaint had been made and by whom, that three residents of good moral character had made oath to the complaint, and that the justice had reason to

believe that liquors had been sold in the dwelling house contrary to law, since all this appeared in the complaint and the certificate of the justice attached to it, both of which were on the same paper with the warrant and a part of the process.

CIVIL ACTION for breaking and entering a dwelling house and store of the plaintiff and carrying away a quantity of beer and the vessels containing it; brought to the Superior Court, and tried to the court, on an answer setting up that the articles were taken upon a warrant for the search for and seizure of liquors, before *Hitchcock, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendants. The case is fully stated in the opinion.

*W. Burke,* for the plaintiffs in error.

*D. B. Lockwood* and *H. W. Taylor,* for the defendant in error.

CARPENTER, J. The complaint alleges that the defendants broke and entered the store and dwelling house of the plaintiff, and the seizure and detention by them of beer and the vessels containing the same, the property of the plaintiff. The answer sets out a complaint and warrant for searching the premises and seizing liquors kept therein for sale contrary to law. The court found that the acts complained of were done in serving the warrant, and held that the complaint and warrant were void, and rendered judgment for the plaintiff. The defendants filed a motion in error.

The statute requires that the complaint for a search warrant shall allege that intoxicating liquor, " described as to the kind, and the place, and owner or custodian thereof, with reasonable certainty," is owned or kept for sale contrary to law; and also that the warrant shall describe " in the manner aforesaid, said liquors, place, and owner or custodian."

The question is whether the complaint and the warrant thereon issued conformed to this statute.

No question is made in respect to the descriptions of the liquor or the owner or custodian thereof; but it is contended that the places to be searched are not described "with reasonable certainty."

The places are described in the complaint as "in said Danbury, near the corner of Elm street, in the borough of Danbury, within said town of Danbury, in a wooden building occupied by Jean Hornig, of said Danbury, consisting of a one story building, and a garden thereto attached and occupied as a saloon and place of public resort; also in another wooden building situated between the Danbury News office and the said one story building used as a saloon, and the cellar of the said wooden building described above, and used by the said Jean Hornig as a dwelling house; all of said buildings being within the town and borough of Danbury, and which said liquors are so owned and kept at said place."

In the warrant the two buildings are described substantially in the same words; and following the description are these words:—"in which said places it is said and complained and alleged that certain intoxicating liquors are now owned by said Jean Hornig and kept by him, and are intended by him to be sold contrary to law." Then follows a description of the liquors.

We think the two buildings are described with reasonable certainty. The one story building with a garden attached is described as a saloon and a place of public resort. With a little attention there is no difficulty in understanding the precise meaning of the description. The second building with a cellar is the dwelling house. There may be a little ambiguity in the expression "and the cellar of the said wooden. building described above," as there are two such buildings described, but we think it reasonably clear that that is intended to apply to the second or .the building then being described.

It will be noticed that in the complaint it is alleged that the liquors were kept in said *place*. If the word *place* refers to one of the buildings only there is an uncertainty

as to which one of them is intended, but if used in a broader sense as including both buildings, a sense in which the word is often used, there is no uncertainty. In the warrant in the same connection the plural is used— "places." Even if we concede that the word is used in the same sense in both places, we do not think the uncertainty in the complaint vitiates the warrant, for aside from that allegation the complaint clearly avers that the liquors (describing them,) were owned and kept "in a wooden building," &c.; also "in another wooden building," &c.; so that the words "at said place" may be stricken out without vitiating the complaint. That being so, and the warrant being explicit and grammatically correct so far as this point is concerned, the proceeding was not void.

It is further contended that "the warrant does not state that complaint has been made, nor by whom;" that "it does not state that three residents of good moral character of full age have made oath;" nor "that one at least of the complainants has made oath that he believes intoxicating liquor has been sold in the dwelling house in violation of the law;" nor "that the justice had adequate reason for believing that liquors had been sold in said dwelling house in violation of law, or that probable cause existed for the support of the warrant."

But all these requisites do appear in the complaint and the certificate of the magistrate thereto attached, both of which are on the same paper with the warrant and are an essential part of the proceeding. The statute does not require that these facts should be stated in the warrant itself, and we think it is enough if the record shows that all the formalities required by the statute have been observed.

There is error in the judgment, and it is reversed.

In this opinion the other judges concurred.