STATE OF MAINE

*vs.*

JAMES A. DUANE, Appellant.

Lincoln.    Opinion November 15, 1905.

*Search and Seizure Process.    Designating three Places in one Warrant.    Description*
*of Premises.    " General Warrants."    Demurrer to Complaint and Warrant.*
*Intoxicating Liquors.    Constitution of Maine, Article I, § 5.*
*R. S., c. 133, § 14.*

1.   A single search warrant cannot be lawfully issued to search more than
one place.   If the warrant contains a description of more than one place
to be searched it is invalid.

2.   When a warrant in describing the place to be searched describes, as it
reads, three places, each occupied by a different person though all three
places are adjoining, the court cannot read into the warrant words not
therein written to show that the other two places were named simply as
boundaries of the place occupied by the respondent.

3.   A demurrer to a complaint and warrant will reach defects in the warrant
as well as those in the complaint.

On exceptions by defendant.    Sustained.

Under the provisions of section 49 of chapter 29 of the Revised
Statutes, on a complaint made by W.. R. Walter, a Lincoln County
trial justice, issued a search and seizure warrant commanding the
officer to search the premises therein designated, for intoxicating
liquors alleged to be kept therein and intended for unlawful sale by
the defendant, Duane, and, if any such liquors were found, to seize
the same and arrest the defendant.   The officer made search, as com-
manded, found certain intoxicating liquors, arrested the defendant
and brought him before the trial justice for trial.   The trial justice,
upon hearing, found the defendant guilty of keeping and intending
the liquors for unlawful sale, and ordered the defendant to pay a
fine of $100 and costs.   The defendant appealed.   In the appellate
court, the defendant demurred to the complaint and warrant.   The

demurrer was overruled by the presiding Justice, and thereupon the defendant excepted.

Further facts are stated in the opinion.

*John W. Brackett,* County Attorney, for the state.

*Wm. H. Miller,* for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

EMERY, J.    The use of what were known as "general warrants" for search had become so oppressive under royal authority the people of Maine, in common with those of other states, undertook to safeguard themselves against them by the constitutional provision that " no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched." Const. of Maine, Art. I, sec. 5.    R. S., c. 133, sec. 14.    In the warrant in this case the "special designation of the place to be searched" is as follows :    " A certain building and its appurtenances thereunto belonging known as Hotel Davis used and occupied by said Duane (the respondent) as a dwelling house in part and in part as an inn situated on the south side of Main Street in the village of Waldoboro in said Waldoboro, and the premises occupied by Edwin O. Clark on the east south, and the premises occupied by Gardiner J. Nash on the west side of said building."    The return of the officer on the warrant is this:    "By virtue of the within warrant I have entered the within described premises and searched the said premises," &c.

As it reads, the warrant assumes to authorize and even direct a search of three distinct premises, each occupied by a different person. This makes it a species of general warrant.    If a magistrate can lawfully issue a single warrant, upon a single complaint, to search three distinct premises, each occupied by a different person, he can lawfully issue a single warrant for the search of any number of premises each occupied by a different person.    This would practically be a return to that system of general warrants so emphatically forbidden by the constitution and statute.    This court in *State* v. *Robinson,* 33 Maine, 564, in speaking of search warrants said, per SHEPLEY, C. J.:

"That cannot be considered a special designation of the place (to be searched) which if used in a conveyance would not convey it and which would not confine the search to one building or place." We think this the true interpretation of the constitution and statute.

The counsel for the state contends that really only one place is described in the warrant, the Hotel Davis, and that the Clark and Nash premises were named simply as boundaries of the hotel lot on either side. Unfortunately for this contention there are in the warrant no words, such as "between" or "bounded by" or other words, indicating that the Clark and Nash premises were boundaries merely and were not to be searched. Those premises cannot be excluded from the scope of the warrant without reading into the warrant important words not found there. Even if such words could be read into such a description in a deed without having the deed reformed in equity, they cannot under any rule of criminal pleading be read into so sharp and summary a criminal process as a search warrant.

The demurrer is to the warrant as well as the complaint, and we think it must be sustained.

*Exceptions sustained. Demurrer sustained.*
*Warrant adjudged invalid.*