PEOPLE *v.* WOODWARD.

1. SEARCHES AND SEIZURES—DESCRIPTION OF PREMISES NOT IN-
DEFINITE.

A warrant authorizing the search of premises described
as "the two two-story houses, one brown, the other green,
on the premises situate, known and numbered as No.
704 Elizabeth street," in a certain city, was not void for
indefiniteness, where the buildings apparently were oc-
cupied as one place of abode, and were used together as
a place of public resort; the officer not being required to
exercise any discretion in determining where the search
should be made.[1]

2. INTOXICATING LIQUORS—AFFIDAVIT FOR SEARCH WARRANT—SUF-
FICIENCY.

An affidavit stating that for a week preceding date of af-
fidavit affiant had watched the premises and had seen
many men enter sober and come out drunk, and had seen
men go into the place and later come out and produce
bottles of moonshine whisky and drink from them, stated
sufficient grounds to authorize the issuance of a search
warrant.[2]

3. SAME—TRIAL—INSTRUCTION—POURING OUT LIQUID TO PREVENT
SEIZURE PRIMA FACIE EVIDENCE OF INTOXICATING NATURE.

In a prosecution for the illegal possession of intoxicating
liquor, where one of the officers executing the search
warrant testified that when he entered the kitchen the
defendant had a tea pot or coffee pot in his hand from
which there was moonshine whisky dropping on the floor,
an instruction that, if the defendant was pouring out a
liquid for the purpose of preventing its seizure, the jury
might find his action to be *prima facie* evidence of the
intoxicating nature of the fluid, was justified under section
28, Act No. 338, Pub. Acts 1917.[3]

Exceptions before judgment from Jackson; Parkin-

---

[1]Searches and Seizures, 35 Cyc. p. 1266; [2]Intoxicating Liquors,
33 C. J. § 371; [3]Criminal Law, 16 C. J. § 1025; Intoxicating
Liquors, 33 C. J. § 501.

son (James A.), J.    Submitted January 15, 1925.
(Docket No. 130.)    Decided July 16, 1925.

Frank Woodward was convicted of violating the liquor law.    Affirmed.

*John F. Berry* and *Charles W. Patch*, for appellant.

*Andrew B. Dougherty*, Attorney General, *John Simpson*, Prosecuting Attorney, and *Harry E. Barnard*, Assistant Prosecuting Attorney, for the people.

SHARPE, J.    Defendant reviews his conviction, on a charge of unlawfully having intoxicating liquors in his possession, on exceptions before sentence.

1. It is urged that the search warrant, under which certain evidence was secured, was issued without authority of law.    The warrant described the premises as—

"the two two-story houses, one brown, the other green, on the premises situate, known and numbered as No. 704 Elizabeth street, in the city of Jackson."

It was held in *People* v. *Musk*, 221 Mich. 578, that the description in a search warrant must point to a definitely ascertainable place.    It is apparent from reading the entire warrant and the affidavit on which it was based that there was a community of occupation of the premises described in the warrant.    The names of the occupants were unknown to the affiant, and were stated to be "one John Doe and Richard Roe."

The grounds for the belief of the affiant were thus stated:

"For about a week preceding the date of this affidavit, I have watched the above places.    Many men have entered the place sober, only to later come out drunk.    I have seen men go into the place to come out later and go down to the railroad tracks near there where they produce bottles of moonshine whisky and

drink from them.      I have seen this happen from places less than 40 feet distant from them.      This latter arrangement I have seen occur at least three or four times in the past week."

Under the warrant, the officer was vested with authority to search the premises described therein. The description was definite.      He was not required to exercise any discretion in determining where the search should be made.      The buildings apparently were occupied as one place of abode, and were used together as a place of public resort.      In our opinion the warrant was properly issued, and authorized the search made.      *People* v. *Bawiec,* 228 Mich. 32; *People* v. *Flaczinski,* 223 Mich. 650; *People* v. *Flemming,* 221 Mich. 609, and cases cited. The quotation from *Meek* v. *Pierce,* 19 Wis. 300, appearing in the *Bawiec Case,* is instructive.

2. The grounds for the belief of the affiant above quoted were clearly sufficient.      *People* v. *Starkweather,* 224 Mich. 137; *People* v. *Schregardus,* 226 Mich. 279; *People* v. *Flemming, supra.*

3. One of the officers who executed the search warrant testified that when he entered the kitchen the defendant—

"had a tea pot or coffee pot in his hand from which there was moonshine whisky dropping onto the floor."

The trial court read to the jury section 28 of Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 [28]), and instructed them that if the defendant was pouring out a liquid when the officer entered for the purpose of preventing its seizure, they might find his action to be *prima facie* evidence of the intoxicating nature of the fluid.      The charge in this respect was fully justified under the statute.

The record discloses no prejudicial error.      The trial court will proceed to sentence.

McDONALD, C. J., and CLARK, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred with SHARPE, J.

BIRD, J. (*dissenting*).    The opinion of Mr. Justice SHARPE in this case, in my judgment, clearly infringes the rule that no discretion shall be vested in the officer who serves the search warrant so far as place to be searched is concerned.    The rule is stated in Ruling Case Law as follows:

"The constitutional requirement is a description which particularly points to a definitely ascertainable place, and so as to exclude all others.    The writ should not leave the place to be searched to the discretion of the officer; and the modern authorities are unanimous in holding that a search warrant directing an officer to search places generally is clearly illegal." 24 R. C. L. p. 713.

See, also, Const. Mich. Art. 2, § 10; *Larthet* v. *Forgay,* 2 La. Ann. 524 (46 Am. Dec. 554); *Smith* v. *McDuffee,* 72 Or. 276 (142 Pac. 558, 143 Pac. 929, Ann. Cas. 1916D, 947).

The officer was directed to search "two houses two-story, one brown, the other green, located at 704 Elizabeth street, one place apparently unnumbered, of the said John Doe and Richard Roe."

If the officer has no discretion, will he search the brown house or the green house?    When the officer reached the premises and stood on the sidewalk in front of them, he could not tell which to search by looking at his warrant.    The only thing he could do was to exercise his discretion, which he did do, and search one of them, but he does not tell us in the return on his warrant which one he searched.    This was not a case where an officer was directed to search a certain house and where he searched an outdoor building that was within the curtilage.    These houses were distinct and the affidavit for the search warrant shows they were inhabited by different persons.    The

affidavit shows: "Which said premises are occupied by one *John Doe* and *Richard Roe* as private *residences* and also used as *places* of public resort," etc. The warrant also shows the houses were distinct. This was clearly a violation of the foregoing rule and an invasion of defendant's constitutional rights. For this reason the proceedings should be set aside and defendant discharged.