## DAVIS v. STATE OF INDIANA.

[No. 26,014. Filed April 5, 1932.]

*John T. Walterhouse* and *John J. Dodd,* for appellant.
*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was convicted on a charge of transporting intoxicating liquor in an automobile. §7, ch. 48, Acts 1925, §2720 Burns 1926. Each of the several errors assigned on appeal relate to the validity of the search of appellant's automobile and the admissibility in evidence of the ·fact that he was transporting 30 gallons of alcohol· therein.

Only two witnesses testified—Sheriff Ellison of Union County, and Deputy Sheriff Quigley of Wayne County. Ellison testified he had known the defendant for a year and a half, having inspected two automobile wrecks or accidents the defendant had had on the Union County roads in 1929 and 1930; and that, before the arrest of the defendant, he (Sheriff Ellison) had two personal conversations with the sheriff of Preble County, Ohio (one being held in Preble County, Ohio, and the other in Union County, Indiana), in which that sheriff gave him information concerning the defendant as follows: The "make" of his automobile (Peerless) ; the license number thereof; the route that was to be taken by him; and that he would have a load of liquor with him.

On October 22, 1930, Sheriff Ellison and Deputy Quigley, driving west in Union County in an automobile, passed defendant in his automobile driving in the same direction. As they passed, Quigley saw two alcohol cans on the back seat of defendant's car. The officers stopped, alighted, and endeavored to block the road by their car and another car belonging to a passer by. Ellison (who did not wear a uniform), "flashed" a sheriff's badge which was pinned on his breast, held up his right hand and started to walk to defendant's car. Defendant started his car directly toward the sheriff, endeavoring to run him down. The sheriff twice ordered him to stop and when he did not, shot through his radiator. The deputy sheriff jumped on the running board but the defendant knocked him off; he jumped back on the running board and ran the car into the ditch. Defendant backed the car out of the ditch and proceeded west. The sheriff, by that time, jumped on the running board and turned off the ignition switch. During their efforts to apprehend and arrest the defendant, both officers shot at his machine and shot a rear tire off. The defendant resisted arrest by fighting the officers, and, on the way to the jail, at the door of which he made an attempt to escape, he attempted to bribe them to turn him loose. The car was "searched" at the jail. It contained six 5-gallon cans of sugar alcohol, all being in plain sight in the back end of the car.

Under the facts proved, the officers, from the information received by them and by their own sense of sight, had reasonable and probable cause for believing that appellant was unlawfully transporting intoxicating liquor in his automobile (which it was their duty under the statute to sieze, §2748 Burns 1926), and they were authorized and it was their duty to stop and arrest him for the felony he was committing, and, under said facts, they had the right to search

the automobile without a search warrant, and the liquor obtained by the search was properly admitted in evidence. *Hinds* v. *State* (1930), 201 Ind. 563, 170 N. E. 539; *Faut* v. *State* (1929), 201 Ind. 322, 168 N. E. 124; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Note 74 A. L. R. 1457-1472.

There was no error in overruling appellant's motion to suppress the evidence which was filed in advance of trial. The State filed to such motion a general denial and the record states that "such . . . motion is submitted to the court and said defendant . . . refuses to offer any evidence in support thereof and the State of Indiana elects to offer no evidence in opposition thereto, whereupon the court, . . . now overrules and denies such motion."

"The court is not required to take allegations of fact in a motion as true unless they have been shown to be true by the evidence. Recitals of fact in a motion [to suppress evidence] requires proof the same as an allegation of fact in any other pleading or paper. . . . The motion and answer thereto fixed the issues and informed the court as to the extent of the issues. The motion could be sustained only by proof of the facts therein alleged." *Mata* v. *State* (1932), *ante* —, 179 N. E. 916.

Judgment affirmed.