Argued January 15; decided January 29, 1935

# SIVERSON *v.* OLSON ET AL.

(40 P. (2d) 65)

*Richard Deich* and *G. E. Hamaker,* both of Portland, for appellant.

*Francis T. Wade,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Allen H. McCurtain, of Portland, on the brief), for respondents.

KELLY, J. On the 26th day of February, 1932, and for some time prior thereto, the defendant, Fred L. Olson, was and still is the duly elected, qualified and acting judge of the district court of the state of Oregon for the county of Multnomah; and at all times mentioned herein, the defendant, Ed Wolfe, was a duly appointed, qualified and acting sergeant of the department of state police of the state of Oregon.

On said 26th day of February, 1932, the said defendant, Ed Wolfe, appeared before said defendant, Fred L. Olson, and subscribed and made oath to the following affidavit:

"In the District Court of the State of Oregon for the County of Multnomah.

State of Oregon. }
County of Multnomah, } ss:

Affidavit for Search
Warrant

I, Ed Wolfe, being first duly sworn, upon oath, depose and say, that there is in the possession of one John Doe, whose true name is unknown in a certain building situated on the premises occupied by and under the control of the said John Doe at No. 309 E. Hancock St. in the City of Portland, in the County of Multnomah, State of Oregon, certain intoxicating liquor, to-wit—and that the said intoxicating liquor is in the possession of the. John Doe, with the intent of the said John Doe to use it as a means of committing a crime, to-wit: Unlawfully Possessing Intoxicating Liquor

Wherefore, The above named Court is respectfully requested to issue a search warrant for the search of the said premises for said intoxicating liquor and for the seizure of said intoxicating liquor"

(Name of affiant and jurat omitted.)

On said 26th day of February, 1932, said defendant, Fred L. Olson, issued a search warrant commanding an immediate search of the premises described as 309 E. Hancock street in Portland, Multnomah county, Oregon.

On said 26th day of February, 1932, in pursuance of said search warrant, which he then and there had in his possession, said defendant, Ed Wolfe, went to the residence upon the said premises, being numbered 309 East Hancock street in Portland, Multnomah county, Oregon, and applied for admittance. The testimony introduced in behalf of plaintiff tends to prove that upon being admitted, said defendant Wolfe, made a search through the upper portion of said residence, which was rented and occupied by a Mr. Porter and his mother, and said defendant also went into the basement and passed through the rooms on the first floor. Failing to find any evidence of intoxicating liquor, said defendant concluded that there was none being stored in said residence and abandoned the search of the same; but one of the other officers, who accompanied said defendant, discovered in the garage upon said premises 31 gallon glass containers which were destroyed. Said garage was used by one William Bletch.

Plaintiff insists that defendant Olson had no jurisdiction to issue the search warrant in suit, because there had not been filed with said judge, or the clerk of his court, any affidavit showing probable cause upon which to base such a warrant.

Mr. George Hoyt, clerk of said district court, being called as a witness in behalf of plaintiff, produced the original affidavit, above set out, and the said search warrant, together with the court record showing that the warrant was issued on February 26, 1932, and was filed together with the officer's return, and the affi-

davit therefor, in the office of the clerk of said court on February 29, 1932.

Plaintiff calls attention to section 28-1125, Oregon Code 1930, making it the duty of the clerk of the district court to file, keep and preserve the records, books, papers and all other property pertaining to the court of which he is clerk; and argues that the judge of such a court, while acting as a magistrate in issuing a search warrant is therefore required first to file the affidavit for such search warrant with the clerk of said district court before such magistrate may have any authority or jurisdiction to issue a search warrant.

We are unable to concur in this view. The rule is stated in Corpus Juris on the subject: "Searches and Seizures", volume 56, p. 1228, § 135. There, however, the authorities cited are from jurisdictions where the statutes provide that the affidavit shall be filed upon which a search warrant is issued.

There is no such statutory provision in Oregon. A magistrate, authorized to issue a warrant of arrest, has authority to issue a search warrant: Section 13-2501, Oregon Code 1930. The magistrate must, before issuing the warrant, examine, on oath, the complainant and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them: Section 13-2504, ibid.

After the search has been made, the magistrate must annex together the depositions, the search warrant and return, and the inventory of the property taken, and return them to the next court of the county having jurisdiction of the crime in respect to which the search warrant was issued, at or before the first day of the term thereof: Section 13-2515, ibid.

As stated by Mr. Justice HENRY J. BEAN in *State v. Quartier,* 114 Or. 657, 667 (236 P. 746): "It is clear that

the legislature never intended that the adverse party should have notice of the taking of such an affidavit or 'deposition' and the framer of the law must have used the words 'affidavit' and 'deposition' interchangeably.''

Applying this construction to the section last above cited (section 13-2515), it is clear that the affidavit (or ''deposition'') upon which a search warrant issued must be filed with the court of the county having jurisdiction of the crime in respect to which the search warrant was issued. Such court may or may not be the one over which the magistrate presides who issues the warrant.

Moreover, it has been held that the failure of the clerk to file such affidavit is merely the nonperformance of a ministerial duty and does not affect the validity of the search warrant: *State v. Watson,* 1 S. W. (2d) 837; *Shelton v. State,* 51 Okl. Cr. 191 (300 P. 1003), and *Heath v. State,* 17 P. (2d) 527.

The fourth assignment of error charges the violation by defendants of section 9, article I, of the Constitution of Oregon. This is quite indirect. It resembles the piling of Pelion upon Olympus to load the errors of defendants upon the learned trial judge and call that process an assignment of reversible error. The meaning, however, of this part of plaintiff's brief is clear. It is that the search warrant issued by defendant Olson and upon which defendant Wolfe made his search, was not supported by any oath or affirmation particularly describing the place to be searched or the person or thing to be seized, and hence, was invalid and insufficient to justify said defendant in making the search.

The entry by defendant Wolfe upon plaintiff's premises is admitted. If it was in the nature of a trespass, plaintiff would be entitled at least to nominal

damages. Unless assented to or invited when made, it would be a trespass if the search warrant, under which defendant Wolfe seeks to justify his entry, was invalid.

■ It appears from defendants' answer, and from the testimony in the case that there were at least two buildings upon the premises designated as No. 309 East Hancock street in Portland; and that these two buildings were occupied by different persons. It also appears from the testimony that the residence at said street number was occupied by two families, Mr. Porter and his mother residing in the upper part of the house and plaintiff and his wife occupying the rest of the residence. The description in the affidavit is, "a certain building situated on the premises occupied by and under the control of the said John Doe at No. 309 East Hancock Street". Under the facts in this case, such a description is insufficient: 56 Corpus Juris, subject, "Searches and Seizures", p. 1227, § 133, note 92, citing *United States v. Innelli,* 286 Fed. 731; *Brandt v. State,* 34 Okl. Cr. 400 (246 P. 1106); *Myer v. State,* 34 Okl. Cr. 421 (246 P. 1105); *Daniels v. State,* 32 Okl. Cr. 426 (241 P. 836); *Cummings v. State,* 32 Okl. Cr. 274 (240 P. 1078); *Wiese v. State,* 32 Okl. Cr. 203 (240 P. 1075); Cornelius, Search and Seizure (2d Ed.), p. 495, § 205.

Upon oral argument, it was urged by defendants that the affidavit in the case at bar corresponded with the one in the case of *State v. Quartier,* supra. In the Quartier case, however, it did not appear that there was more than one building at the number of the street mentioned in the affidavit, nor more than one apartment in said building occupied by different persons. Moreover, the true names of those in possession were expressly stated.

■ We read the record in vain to find any evidence of a conspiracy between Judge Olson and Sergeant

Wolfe. As to the defendant, Olson, at most, an error was committed in acting upon a matter over which he had jurisdiction and authority. No liability attaches to a judicial officer in such a case: *Shaw v. Moon et al.,* 117 Or. 558, 565 (245 P. 318, 45 A. L. R. 600). As to defendant, Wolfe, it appears that technically he acted without authority, because the search warrant he held was invalid. Whether he acted maliciously and without probable cause are for the jury to decide under appropriate instructions.

As to defendant, Fred L. Olson, the judgment of the circuit court is affirmed. As to defendant, Ed Wolfe, the judgment of the circuit court is reversed and this cause remanded for further proceedings not inconsistent herewith.

CAMPBELL, C. J., and BELT and ROSSMAN, JJ., concur.