## ELBERT HERRION v. STATE.
### No. A-10190.    July 26, 1944.
### (150 P. 2d 865.)

Holmes H. Colbert, of Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Elbert Herrion, was charged in the county court of Murray county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $300, and has appealed.

In order to dispose of this case it is only necessary to consider one of the many assignments of error presented in the brief of the defendant.

It is contended that the court erred in overruling the motion to suppress the evidence filed and presented by the defendant before the commencement of the trial, on the ground that the description of the place to be searched, as set forth in the affidavit for search warrant and the

search warrant, was not sufficient to authorize a search of the premises of the defendant.

In support of the motion to suppress the evidence, the affidavit and search warrant were introduced in evidence, and they showed that the description of the premises searched by the officers, as set forth in those instruments, was as follows:

"Lots 1 and 2, in section 5, 1 south, 3 east, known as Alta Vista Cabins, occupied by Elbert Herrion."

The deputy county clerk testified that the description set forth in the search warrant contained approximately 80 acres of land, and was generally described as the north half of the northeast quarter of said section. The witness further testified that in addition to the cabins allegedly under the control of the defendant, there were four other farm houses located on this 80-acre tract of land. That each of those places had a separate description, as shown by the records in the county clerk's office, but that all of them were located within the 80 acres described in the search warrant.

The state did not attempt to dispute the fact that the premises described in the search warrant were occupied by at least five separate families.

It is established law that a search warrant must so particularly describe the place to be searched that the officers to whom it is directed may determine the place from the warrant, leaving no discretion as to the place to be searched. Young et al. v. State, 63 Okla. Cr. 196, 74 P. 2d 392; Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297.

In construing the above principle of law, this court has held that an affidavit for search warrant describing the premises to be searched as certain property is insuf-

ficient to furnish a particular description of the place to be searched where it is shown that the premises so designated were owned and occupied by several persons, so that it was in fact several places. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Young v. State, supra; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145.

It would appear from the record that the search warrant herein issued was a blanket search warrant, covering the homes of several separate families, and therefore void. The deputy county clerk in her testimony gave the proper description of defendant's premises, which could have been obtained from a search of the records in the county clerk's office, and the confusion over the alleged description set forth in the search warrant would have been avoided.

Under the uniform and consistent decisions of this court, it follows that the evidence procured by the search and seizure was improperly admitted, over the objection of the defendant, and for that reason the case should be reversed, and the defendant discharged.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.