### BROWN v. STATE OF INDIANA.

[No. 29,692. Filed March 26, 1959. Rehearing denied April 29, 1959.]

*Ogle & Manor, Perry W. Cross* and *Dennis & Cross,* both of Muncie, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of the appellant, Anna Lou Brown, resulting from a prosecution by affidavit charging her with receiving and concealing stolen goods. A trial by jury resulted in a verdict of guilty as charged and she was fined $250 and imprisoned in the women's prison for not less than one nor more than ten years. Her motion for a new trial was overruled and this appeal follows.

On November 14, 1956 a Super Market operated by Delbert and Irene Harrold was burglarized and certain merchandise and a cash register were taken by one Noah Forehand. Forehand was charged with feloniously taking the cash register and the appellant with feloniously receiving, concealing and aiding in the concealment of the property. After appellant was arraigned and entered a plea of not guilty she filed a motion to quash a search warrant (under which the cash register was seized) and to suppress the evidence in connection therewith. The motion sets out the affidavit charging appellant with the offense of receiving stolen goods and the issuance of a search warrant for the cash register believed to be concealed either in a dwelling house situated at 824 South Penn Street (the home of appellant) or a frame building across the street

(operated as a restaurant by appellant) situated at 1305 East Second Street in the city of Muncie, Delaware County, Indiana. Attached to the warrant was the affidavit of Noah Forehand in which he states that on November 14, 1956 he stole the aforesaid personal property from a Super Market situated at 523 Willard Street in said city and on that date he carried the cash register to the dwelling house situated at 824 South Penn Street and placed the same in the custody of the appellant, who resided in said dwelling house, and that continuously since that date the appellant has been in control and possession thereof.

The affidavit further states that Forehand informed appellant that the cash register had been previously stolen by him when he placed it in her care and custody at her request. The return on the writ was made a part of the motion to suppress and described, among other properties, one "R. C. Allen cash register Model 666-CD 4, 868933-X."

Appellant alleges that the officers (naming them), unless enjoined and restrained from so doing, will testify on behalf of the State in the trial of said cause, that which they saw and heard, and learned in said search; that on December 16, 1956 and for a long time prior thereto she and Joe Brown were husband and wife and as such occupied the dwelling house at 824 South Penn Street as their residence and further that such premises at 824 South Penn Street and the premises described in the search warrant as 1305 East Second Street were and are entirely separate and distinct places separated by a public street; and on said date and prior thereto the appellant operated a place of business on the premises described as 1305 East Second Street as the sole owner and occupant.

A separate hearing was held on the motion to suppress. The evidence shows that the officers first went to the residence at 824 South Penn Street and there read the search warrant in the presence of appellant and one Joe Brown, her husband, and a search was made of such premises but the cash register was not found. Thereupon the officers, together with appellant, went across the street to the restaurant at 1305 East Second Street which was owned and operated solely by appellant. Such premises are described as a single room used for the operation of a restaurant which at the time the officers entered was open to the public for business. When they entered the place they saw a cash register on the counter in plain view and made inquiry of appellant who was standing near the counter as to the ownership of the cash register and where she obtained it. Not receiving satisfactory answers to their questions, the officers examined it and found that it bore the name and serial number of the cash register for which they were looking. At that time the chief officer placed her under arrest and the cash register was taken to the police department as evidence for use in the trial.

Appellant first contends that the search and seizure was unlawful for the reason that the warrant and affidavit upon which it was based described two places, namely, the restaurant at 1305 East Second Street and the residence across the street at 824 South Penn Street. It was further urged that although the restaurant was owned and controlled entirely by the appellant, Mrs. Brown, the residence was occupied by Mrs. Brown and also her husband, Joe Brown, who was not named in the writ.

The Constitution of the State of Indiana with reference to unreasonable search and seizure provides in part:

". . . and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Article 1, Sec. 11, Constitution, State of Indiana.[1]

The appellant points to the singular use of the word "place" rather than "places," urging upon us that the Constitution permits the designation of only one place in a search warrant. We observe, however, that the word "thing" to be seized is also in the singular, and it would be an unwarranted assumption that a separate search warrant must be issued for each separate item to be seized. We are not unmindful of the rights to be safeguarded by the constitutional provision, but we can see no reason for separate warrants to be issued where the search concerns one person and property which there is probable cause for believing might be concealed in a number of places. Appellants rely upon the cases of *Hess* v. *State* (1926), 198 Ind. 1, 151 N. E. 405 and *Thompson* v. *State* (1926), 198 Ind. 496, 154 N. E. 278. An examination of the first case shows that the search warrant was issued for premises described as "at 214 and 214½ Wabash Avenue." The evidence showed that 214 was the ground floor and 214½ was the second story, both of which floors were occupied by the accused and his wife. The court there held the search warrant was valid. In the second case the search

1. Cooley's Constitutional Limitations, Vol. 1, p. 612, note 1 gives a very vivid account of the outrageous practices which gave rise to this provision found in the Federal as well as the State constitutions. One of the major complaints which instigated the American Revolution was the writ of assistance which empowered petty officials to search for smuggled goods any time or place at their discretion.

warrant was issued for "No. 29 Mary Street." The building at the time was occupied by five different families and the separate portion occupied by the accused was not described. It is quite evident that the description was fatally defective as not being sufficiently exact. The warrant was held invalid.

In *Thompson* v. *State, supra,* the volunteer statement is made that a warrant which contains a description of more than one place to be searched is invalid, citing the Maine case of *State* v. *Duane* (1905), 100 Me. 447, 62 Atl. 80. The statement was too broad and not applicable to the facts in the case in which made. Certainly, as that court held, a search warrant in which the description is so broad as to cover separate homes of third parties not accused, is too broad and general in character to be sustained.

When we examine the case of *State* v. *Duane, supra,* we find the same situation existing there as in *Thompson* v. *State, supra,* namely, that the description in the search warrant was too broad, since it described a hotel and inn which was occupied not only by the accused in part, but also other parts by third parties. The section and portion occupied by the accused was not definitely described. We need no citation of authorities to support the well recognized principle that a search warrant is invalid which leaves to the discretion of the officer the premises to be searched and fails to specifically and accurately describe the property of the accused.

The authorities on the validity of a search warrant covering more than one place occupied or possessed by the same person are collected and reviewed in 31 A. L. R. 2d, p. 864. It says:

"While the description in a search warrant of the premises to be searched cannot be so general as to leave the matter to the discretion of the officer, where the search of several suspected places is desired it is not necessary that a separate warrant issued for each place, but the same warrant may describe the several places to be searched." 31 A. L. R. 2d, p. 865; *Gray* v. *Davis* (1858), 27 Conn. 447; *Williams* v. *State* (1952), 95 Okla. Crim. 131, 240 P. 2d 1132, 31 A. L. R. 2d 851; *Hornig* v. *Bailey* (1882), 50 Conn. 40; *Allen* v. *State* (1940), 178 Md. 269, 13 A. 2d 352; *People* v. *Woodward* (1925), 231 Mich. 559, 204 N. W. 731; *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103.

Wharton's Criminal Law and Procedure, Vol. 4, sec. 1554, p. 179 also supports the above statement.

It is our opinion from the authorities cited that a search warrant may authorize the search of more than one place if the same person and subject matter is involved in all places and probable cause is shown.

The appellant further contends that the home and dwelling was occupied by her husband as well as herself, and therefore the search warrant was invalid since she was not the sole occupant and possessor of the premises. No authority is cited on this proposition except upon the point that husband and wife are considered as one at law and therefore the title to occupancy is as if they were one. There are certain phases of law in which this fiction is recognized. However, a fiction is never raised in law except to avoid absurd or unjust consequences.

"All constructive or fictitious assumptions in law are forced by necessities to reach an equitable or just result and are never indulged in or raised when doing so perverts the ends of justice. *Salvation Army, Inc.* v. *Hart* (1959), 239 Ind. 1, 154 N. E. 2d 487, 492.

The Married Women's Acts have to a large extent eliminated in most jurisdictions the old common law fiction that a wife could have no separate title or interest in her earnings or property. Burns' 1946 Repl. §2-205; Burns' 1949 Repl. §§38-101, 38-102, 38-103.

The fiction which the appellant urges upon us in this case is not applicable in criminal proceedings. It is obvious that the extension of such a fiction in ■ that area would work grave injustices. The husband is not considered as one with the wife where either is charged or convicted of a crime. We see no reason why the opposite spouse should be named in a search warrant where only one of the partners to the marriage is the accused. Each fully occupies the premises and a guilty party against whom a search warrant is directed should not be able to avoid having such premises searched merely because some other member of the family also occupies the premises described without separate quarters therein. We can find no authority on either side of this question in this jurisdiction or any other. This being a new question in this state, and with no authority cited in point to support appellant's position, we are not impressed with its logic or reasoning. We hold the warrant was valid in the respect mentioned.

There is one other feature of this case with reference to the search warrant which should be noted in support of the result we reach, namely, that the cash ■ register in question was in plain view of the officers when they entered the restaurant which was open to the public. No search warrant was necessary to enter the premises operated openly, to which the public was invited to enter. We have held that police officers as part of the public have a right to enter bar-

rooms, soft drink parlors and look into automobiles open to their view. *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817; *De Muinck* v. *State* (1929), 89 Ind. App. 424, 166 N. E. 7, 166 N. E. 545; *Davis* v. *State* (1932), 203 Ind. 443, 180 N. E. 595.

It is urged, however, that if a search warrant is invalid, it cannot make valid a search based thereon. Stated in another fashion, it is urged that an officer acting under an invalid warrant has no right to rely upon any common law rights available in such event, but he must, at his risk, elect and make his choice, which is irrevocable, whether he is relying upon the warrant or upon his general authority as an officer without a warrant. We cannot sanction such supertechnicality where there is no statute or constitutional provision compelling such a result. To so hold would mean that an arresting officer, acting under what he thought was a valid warrant, could not defend in a suit for false arrest or imprisonment if the warrant was invalid for any technical reason, although he had probable cause and good ground to arrest for a felony without a warrant.

The appellant finally urges upon us that there is no evidence of concealment in this case and that concealment is part of the crime as charged. The affidavit reads in the conjunctive that the appellant "did then and there unlawfully and feloniously receive, conceal and aid in the concealment of the said property." The affidavit was framed in accordance with common practice where the wording of the statute is in the disjunctive. The portion of the statute in question reads:

"Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, . . ." §10-3017, Burns' 1956 Repl.

We feel the discussion on this point need not be elaborately extended, since the case of *Howard* v. *State* (1921), 191 Ind. 232, 236, 131 N. E. 403, reviews this question quite thoroughly, citing cases from various states, and makes the following statement:

"A statute often makes punishable the doing of one thing or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or' and it will not be double, and it will be established at the trial by proof of any one of them. 1 Bishop, New Criminal Procedure §436."

*Cooprider* v. *State* (1941), 218 Ind. 122, 31 N. E. 2d 53, 132 A. L. R. 553 and *Strickland* v. *State* (1940), 217 Ind. 588, 29 N. E. 2d 950 follow the principle outlined in the above case, as well as Ewbank's Indiana Criminal Law, Symmes Ed., Vol. 1, Sec. 186, p. 105.

Appellant, however, urges upon us the consideration of *Page* v. *State* (1923), 193 Ind. 442, 139 N. E. 143. That is a case in which it was charged that the accused "did then and there unlawfully and feloniously buy, conceal and aid in the concealment of the said property, . . ." The indictment charged that the property was stolen in the State of Michigan, and upon a motion to quash the question arose as to whether or not there was an allegation that it had been brought across the state line into Indiana under the statute making the receiving or concealment of stolen goods brought from another state a separate offense in this state. This court held

that a reasonable inference could be drawn that the property was brought from the State of Michigan to the State of Indiana by reason of the fact that it could not be "concealed," as alleged, in St. Joseph County, State of Indiana without being in the State of Indiana. The court further said (at p. 446) with reference to the charge "buy, conceal and aid in the concealment" that: "According to this affidavit, if the facts charged should warrant, appellant might have been convicted of any one of the three offenses therein enumerated." This is in harmony with the reasoning in the case of *Howard* v. *State, supra,* which holds that proof of any one of the individual acts enumerated in the statute in the disjunctive, although charged in the conjunctive, is sufficient proof with reference thereto. There is no requirement that all such acts must be jointly proved. Appellant's contention would amount to nothing more than requiring that a separate count be written by the prosecutor for each of the acts charged in the disjunctive. This would serve no useful purpose, since the defendant in a case is as well informed as to the charge against him, whether it is written in one count or written in separate counts. We can find no reason why a defendant would be prejudiced by a charge in one count which follows the wording of the statute, as in this case.

The judgment is affirmed.

Landis, C. J., and Achor, J. concur.

Jackson, J., dissents with opinion, in which Bobbitt, J., concurs.

### DISSENTING OPINION

JACKSON, J.—I dissent from the majority opinion herein on the question of the admissibility of the evidence obtained by virtue of the search warrant.

The facts in this case, on the points involved in this dissent, are as follows:

On December 14, 1956, a search warrant was issued to any police officer in the State of Indiana, to search "a certain dwelling-house numbered 824 on South Penn Street, in the City of Muncie, Delaware County, Indiana, or in a certain frame building situated immediately adjacent to said dwelling house and on the east side thereof, or in a certain building numbered 1305 on East Second Street, in the City of Muncie, Delaware County, Indiana, and known as 'The Glamour Inn.'"

It seems that the rights of the individual, secured by the Bill of Rights, after centuries of oppression should not be lightly disregarded or discarded; to do so, in my opinion, only facilitates the further development of a police state and the erosion of our system of society.

Article 1, §11, of the Constitution of Indiana reads as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the *place* to be searched, and the person or thing to be seized." (My italics.)

Such article and section, in thus requiring that the warrant particularly describe the place to be searched, refers to the place in the singular, and I am convinced that had the founding fathers intended otherwise they would have so stated.

The Fourth Amendment to the Constitution of the United States reads as follows:

"UNREASONABLE SEARCHES AND SEIZURES. —The right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the *place* to be searched, and the persons or things to be seized." (My italics.)

There again the *place* to be searched is in the singular.

The appellant has raised the question of the validity of the search warrant alleging that it is illegal because one warrant only was used to describe and search two (2) distinct properties and places. I think this contention is valid. The case of *State* v. *Duane* (1905), 100 Me. 447, 62 Atl. 80, cited with approval by this court in *Hess* v. *State* (1926), 198 Ind. 1, 5, 151 N. E. 405, and *Thompson* v. *State* (1926), 198 Ind. 496, 501, 154 N. E. 278, supports appellant's position and in the opinion of the writer is a correct exposition of the law as it relates to this case.

The same rule, as to search of more than one place in the same warrant, has been upheld in other jurisdictions. *Myer* v. *State* (1926), 34 Okla. Crim. 421, 246 Pac. 1105; *Wiese et al.* v. *State* (1925), 32 Okla. Crim. 203, 240 Pac. 1075; *United States* v. *Innelli et al.* (1923), D.C. 286 Fed. 731; *State* v. *Duane, supra* (1905), 100 Me. 447, 62 Atl. 80; *Larthet* v. *Forgay et al.* (1847), 2 La. Ann. 524; *Herrion* v. *State* (1944), 79 Okla. Crim. 48, 150 P. 2d 865; *Linthicum* v. *State* (1929), 66 Okla. Crim. 327, 92 P. 2d 381; *Siverson* v. *Olson et al.* (1937), 149 Or. 323, 40 P. 2d 65; Cornelius, Search and Seizure, Description in Warrant, §126 *et seq.*, p. 338.

This court has long been dedicated to the rule that Section 11, Article 1, of the Constitution of Indiana must be strictly construed against the State and given

a liberal construction for the protection of the people. *Idol* v. *State* (1954), 233 Ind. 307, 119 N. E. 2d 428; *Dalton* v. *State* (1952), 230 Ind. 626, 105 N. E. 2d 509, 31 A. L. R. 2d 1071; *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657; *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353.

The motion to quash the search warrant and to suppress the evidence should have been sustained, and I would reverse the judgment of the trial court.

Bobbitt, J., concurs.

NOTE.—Reported in 157 N. E. 2d 174.