## M. M. SHELTON v. STATE.

No. A-8059. Opinion Filed June 19, 1931.
(300 Pac. 1003.)

Cress & Tebbe, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Noble county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the officers had a search warrant for a search of defendant's premises, and that they found a half gallon jar of whisky and a pint of whisky underneath the building occupied by defendant, and that defendant operated the filling station described in the search warrant and under which the whisky was found; that they found a bottle of whisky under the counter in the front part of his building and two bottles in the grass about 50 feet west of the building.   This liquor was identified by the state and offered in evidence to the jury.

Defendant, testifying for himself, denied that the liquor was his, or that he knew anything about it, or that he had ever sold any liquor or been in any wise connected with the handling or sale of the same; that the bottle of liquor found under the counter in the filling station he

had for his own personal use; that he used it to make camphor.

Defendant contends, first, that the court erred in overruling his motion to suppress the evidence, for the reason that the warrant was issued on the 22d day of March, 1930, while the filing mark of the court clerk was not placed upon the affidavit until the 3d day of September, 1930.

The record discloses that the affidavit was signed and sworn to before the county judge on the 22d day of March, 1930, and that a search warrant was duly issued on the same day; that this search warrant was delivered to the sheriff, who executed and returned the same on the 22d day of March, 1930; and that this warrant and return thereon was filed in the office of the court clerk on the 25th day of March, 1930.

The validity of a search warrant and the admissibility of the evidence thereunder is not controlled by the time at which the clerk placed his filing mark upon the same, but is controlled by the date upon which the affidavit was made and the warrant issued thereunder.

This contention of defendant is without any merit, and the motion to suppress was properly overruled.

Defendant next contends that the description in the search warrant was insufficient and was too indefinite and uncertain to authorize the officers to make the search. The description in the search warrant is:

"Northwest quarter of section 28, township 21, range 1, west of the Indian Meridian, in Noble county, Okla., and in particular a small filling station and shack run and occupied by one M. M. Shelton, located on Highway (U. S.) 64, running along the north side of said quarter."

194

There is no dispute in the evidence but that the defendant did occupy the filling station searched and in which the liquor was found, and that said filling station was located on the quarter section of land described in the warrant, but defendant did offer proof that he only had control of the building and a small tract of land, and that the balance of the land belonged to one G. G. Vann.

No search of any part of the premises except that occupied by the defendant was made by the officers, and no liquor was found at any place other than at the filling station located on this quarter section of land. This description was sufficient to authorize the officers to make the search, and the evidence obtained thereby was admissible.

Defendant complains of the refusal of the court to give certain requested instructions, and complains also of the instructions given by the court. An examination of the instructions given by the court discloses that they fairly state the law as applicable to the facts in the case, and were as favorable to defendant as the evidence warranted.

The other errors complained of are not of sufficient merit to warrant a separate discussion in this opinion.

For the reasons stated, the cause is affirmed.